(No. 11161.—Decree affirmed.)

THERESA MORONEY, Appellant, *vs.* EMMA HAAS *et al.* Appellees.

*Opinion filed February 21, 1917—Rehearing denied April 6, 1917.*

1. WILLS—*a devise depending on provisions which violate the rule against perpetuities is void.* The rule against perpetuities declares that no interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest, and if the provisions of a will are such that under them a violation of the rule against perpetuities may possibly happen, then a devise of interests dependent upon such provisions is void.

2. SAME—*when a devise in trust violates the rule against perpetuities.* A devise in trust for a niece of the testatrix for life and at her death the income to be paid over "to such of her children and issue of deceased children as may survive her, until the youngest living child her surviving shall arrive at the age of twenty-five

years," when the trust estate shall be distributed, depends upon a contingency which may happen twenty-one years after the death of the niece and violates the rule against perpetuities.

3. SAME—*effect upon prior interests when future interests are avoided by rule against perpetuities.* Where future interests created by an instrument are avoided by the rule against perpetuities the prior interests become what they would have been had the limitation of the future estates been omitted.

4. SAME—*what limitation of remainder is valid.* A provision that the remainder in a trust estate after the death of the life tenant shall vest in the trustee, absolutely, in case the life tenant shall die without leaving surviving children or issue of a deceased child, is valid, as the contingency is bound to occur, if at all, at the death of the life tenant.

5. PARTITION—*when demurrer to bill for partition is properly sustained.* A demurrer to a bill for partition is properly sustained where it contains no allegations of fact showing that the complainant has any right, as an heir or otherwise, to maintain the suit.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

MICHAEL KOCH, (EDWIN J. LARNEY, of counsel,) for appellant.

THOMAS MCENERNY, LUTHMERS & ELLIOTT, and ARTHUR R. WOLFE, (ELMER D. BROTHERS, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellant filed a bill in the circuit court of Cook county for the partition of certain real estate and has appealed from the decree, which dismissed her bill for want of equity after sustaining a demurrer to it.

The bill alleged that Nancy E. Welch died seized of the property sought to be partitioned on April 1, 1915, leaving her surviving the complainant and "Sadie Stockel, Emma Haas, Kate Welch, (now known as Sister Wilfreda,) Agnes Perryman, her nieces, and Raymond Evans, her nephew, defendants hereinafter named, and James A. T.

Hill, her nephew, her only heirs-at-law and next of kin;"
that she left a will, which was admitted to probate in the
probate court of Cook county on July 2, 1915, and is set
out at length in the bill. After directing the payment of all
the testatrix's debts and funeral expenses the will devises
all the estate of the testatrix to her sister, Margaret Welch,
in fee simple, in case she should·survive the testatrix. In
case Margaret Welch did not survive the testatrix, then a
number of small bequests are made to various persons, in-
cluding the nephews and nieces above named, except Sadie
Stockel and James A. T. Hill. The fourth paragraph of
the will bequeaths to the executor $2000 in trust, "to use
and expend the same in fixing up, finishing, caring for and
maintaining the family burial lot in Mount Olivet Ceme-
tery." The residue of the testatrix's estate is disposed of
by the fifth paragraph of the will, which is as follows:

"*Fifth*—All the rest, residue and remainder of my es-
tate I give, devise and bequeath as follows, to-wit: To my
nephew, James A. T. Hill, one-half, to have and to hold
the same to and for his own use and benefit forever, and
the remaining one-half to my nephew, James A. T. Hill,
to have and to hold the same in trust for my niece, Sadie
Stockel, with full power in my said trustee to sell and con-
vey the same at such time and upon such terms and for
such prices as said Sadie Stockel may in writing direct and
my said trustee approve. And in case of the sale of any
of my property and effects so held by him in trust, as afore-
said, I direct my said trustee to invest and re-invest the
proceeds or avails thereof ·in real estate or in first mort-
gages or other approved securities; to pay over to said
Sadie Stockel the net profits or income of said portion of
my estate so held in trust during her lifetime, and after her
death to pay the said net profits or income over to such of
her children and issue of deceased children as may survive
her, until the youngest living child her surviving shall ar-
rive at the age of twenty-five years, at which time my said

trustee shall turn over and convey to such surviving children of my said niece, Sadie Stockel, share and share alike, and to the issue of any deceased child or children, said property so held in trust as aforesaid, the issue of any deceased child or children to take *per stirpes* and not *per capita;* and in case no such children or issue of deceased children shall survive her, or in case no surviving child shall attain the age of twenty-five years and all shall die without issue, then the share so held in trust shall be and is hereby given, devised and bequeathed to my nephew, James A. T. Hill, absolutely. In case all of the children of said Sadie Stockel shall die before arriving at the age of twenty-five years and such deceased child shall leave issue, then the property so held in trust shall be divided and distributed among such issue when they arrive at their majority."

By the sixth paragraph of the will the testatrix authorizes her executor and trustee, at any time after five years after her decease, in his discretion, to turn over and convey to her niece, Sadie Stockel, the share placed in trust for her by the fifth paragraph of the will, and provides that in such case the trust estate shall determine and the trustee be released. By the subsequent paragraphs of the will James A. T. Hill is appointed executor, and certain authority and power are given to the executor and trustee in carrying out the trust.

The bill avers that Margaret Welch died on August 13, 1913, in the lifetime of her sister, the testatrix, and that the will is null and void because in all its substantial provisions it violates the rule against perpetuities, and for that reason the title to all the estate of the testatrix passed to her heirs-at-law, and that the complainant and Emma Haas, Agnes Perryman and Kate Welch became each seized of an undivided one-twelfth part of the real estate, and Sadie Stockel and Raymond Evans each of an undivided one-sixth part, and James A. T. Hill of an undivided one-third part. It is further alleged that James A. T. Hill afterward

died on April 13, 1915, "and since his death one Grace Marie Higgins claims to be the only heir-at-law and next of kin of the said James A. T. Hill, deceased, and your oratrix claims that she and the said Emma Haas, Agnes Perryman, Kate Welch, (now known as Sister Wilfreda,) Raymond Evans and Sadie Stockel are the only heirs-at-law and next of kin of the said James A. T. Hill, deceased;" that in case the court finds that the complainant's claims are right, then the portion of the premises of which James A. T. Hill died seized became and was vested one-eighth each in the complainant and Emma Haas, Agnes Perryman and Kate Welch and one-fourth each in Raymond Evans and Sadie Stockel; that in case the court finds that Grace Marie Higgins is the only heir of James A. T. Hill, then the portion of the premises of which he died seized became vested in her. Francis T. Sullivan was appointed administrator with the will annexed of the estate of Nancy Welch on July 2, 1915, and Michael J. Sullivan was appointed administrator of the estate of James A. T. Hill, deceased. Sadie Stockel is divorced and has an only daughter, Muriel, who is an infant, and no trustee or successor in trust has been appointed to act under the will of the testatrix. The bill prays for a partition of the premises and general relief. A joint and several demurrer was filed by Sadie Stockel, Grace Marie Higgins and Thomas A. Kieley, who was a legatee under the will, and a separate demurrer was filed by Francis T. Sullivan, administrator with the will annexed of the testatrix.

The rule against perpetuities declares that no interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest. If the provisions of a will are such that under them a violation of the rule against perpetuities may possibly happen, then the devise of interests dependent upon such provisions is void. *Quinlan* v. *Wickman*, 233 Ill. 39; *Drury* v. *Drury*, 271 id. 336.

The appellant argues that the fourth clause of the will, which bequeaths $2000 in trust for fixing up, finishing, caring for and maintaining the family burial lot, is void under the authority of *Mason* v. *Bloomington Library Ass'n,* 237 Ill. 442. It will not be necessary to determine this question, because the appellant has not shown any right to maintain the bill.

The appellant contends, and the appellees concede, that so much of the fifth paragraph of the will as provides for the payment of the net income of the trust estate to the children of Sadie Stockel until the youngest child shall have arrived at the age of twenty-five years violates the rule against perpetuities and is void; and this is evidently true, for the final conveyance to the surviving children of Sadie Stockel or their issue might be postponed until more than twenty-one years after her death. The invalidity of the devise to the children does not avoid the prior limitation. Where future interests created by an instrument are avoided by the rule against perpetuities the prior interests become what they would have been had the limitation of the future estates been omitted. (Gray on Perpetuities, sec. 247; *Quinlan* v. *Wickman, supra.*) The estate of Sadie·Stockel took effect according to its terms as a life estate. The limitation over after the termination of the life estate is dependent upon one of two contingencies. The will provides that in case no children or issue of a deceased child shall survive Sadie Stockel, or in case no surviving child shall attain the age of twenty-five years and all shall die without issue, the property held in trust shall go to James A. T. Hill. The first of these contingencies is bound to occur, if at all, at her death, and the limitation based upon it is valid. The second may not occur until more than twenty-one years after her death and is therefore invalid. If Sadie Stockel shall die leaving no issue the remainder to James A. T. Hill will take effect in his heirs, (2 Washburn on Real Prop.— 6th ed.—sec. 1557; 4 Kent's Com. 261; *Barnitz* v. *Casey,*

7 Cranch, 456; *Fisher* v. *Wagner,* 109 Md. 243,) but the remainder in case she dies leaving issue has not been disposed of and will vest in the heirs of the testatrix. Until her death it cannot be known in whom the title will finally vest—whether in the heirs of James A. T. Hill or those of the testatrix. One-half of the estate which was devised to James A. T. Hill in fee simple upon his death descended to his heirs, but the complainant did not show herself entitled to any relief as an heir of James A. T. Hill, for the bill did not allege any facts from which it could be determined that she was an heir of James A. T. Hill or who his heirs were. The allegation in that regard is that Grace Marie Higgins claims to be the only heir-at-law and next of kin of the said Hill, and that the complainant claims that she and the other nephews and nieces of the testatrix who are named are the only heirs-at-law and next of kin of the said Hill. No allegation of facts is made as a basis for either claim. It does not appear whether James A. T. Hill was married or unmarried, whether he left a widow or descendants, father, mother, brother or sister. What relationship existed between James A. T. Hill and Grace Marie Higgins, if any, is not averred in the bill. She may have been his daughter, his niece, his sister, his cousin or his aunt. The appellees in their brief have set forth a somewhat minutely detailed account of the supposed family relations of the testatrix, but that is, of course, of no importance. We can only review the record made in the circuit court, and that record contains no allegations of fact from which it appears that any of the parties to this suit are heirs of James A. T. Hill. The bill shows no right in the complainant to maintain the suit and the demurrer to it was properly sustained.

The decree of the circuit court will be affirmed.

*Decree affirmed.*