---

(No. 14031.—Reversed and remanded.)
E. L. BEAL, *et al.* Appellees, *vs.* EDNA SUSAN HIGGINS.—
(PAUL J. GRAHAM, Appellant.)

*Opinion filed October 22, 1921.*

1. WILLS—*statement of the rule against perpetuities.* Where a devise creates an interest subject to a condition precedent the condition must be fulfilled within twenty-one years after some life in being at the creation of the interest; and this rule prohibits the creation of future estates which by any possibility may not become vested within the time limited by it.

2. SAME—*when valid part of will must be upheld.* Where a will contains separate provisions, some of which are valid and others invalid, those which are valid will be upheld if they can be separated from the invalid ones and still give effect to the intention of the testator and not interfere with the general testamentary scheme.

3. SAME—*when invalid part renders entire will void.* If a will contains a connected and inseparable scheme of disposition of the estate, each part of which is dependent upon the other, so that the presumed intention of the testator will be defeated if a valid provision is retained while an invalid part is rejected, or if manifest injustice will result to the beneficiaries from such a construction, then all the provisions must be construed together and all must be held void.

4. SAME—*when violation of rule against perpetuities will not render entire will void—trust.* Provisions for the creation of successive life estates in rents and profits and the final disposition of the fee beyond the limitation of the rule against perpetuities will not render void the disposition of similar life estates in preceding clauses in favor of the testatrix's husband and after his death to her children, even though the final provisions of the will create a trust for the purpose of carrying out all the provisions of the will, provided the trust relating to the valid life estates may be carried out without regard to the invalid provisions.

5. SAME—*when subsequent clause for creation of trust qualifies preceding devise.* Where a testatrix devises "the use, occupation, rents and profits of all real estate" to her husband "during his natural life" and after his death devises the same interest to her children, a subsequent provision for the creation of a trust in the executors to carry out the provisions of the will, giving them power to loan money and rent the real estate and pay taxes and expenses, must be held to qualify the general language of the earlier provisions giving the devisees the occupancy of the estates devised.

APPEAL from the Circuit Court of Mercer county; the Hon. WILLIAM T. CHURCH, Judge, presiding.

GEO. W. WERTS, (PAUL J. GRAHAM, guardian *ad litem,*) for appellant.

WATSON & DUVALL, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Ethzelda Higgins, a resident of Mercer county, died on or about October 30, 1920, leaving an instrument in writing purporting to be her last will and testament, disposing of the real and personal property owned by her. The will was admitted to probate in the county court of Mercer county on November 10, 1920, and thereafter the appellees, E. L. Beal and Gilbert T. Higgins, named as executors in the will, filed their bill in this case praying for a construction of the will and the determination of the legal force and effect of its provisions. The testatrix left her husband, Gilbert T. Higgins, and her children, Myrtle I. Higgins and William Everett Higgins, her heirs-at-law, and they and other beneficiaries of the will were made defendants. The adult defendants were defaulted and a guardian *ad litem* was appointed for Edna Susan Higgins, Flossie Marie Higgins, Gilbert Everett Higgins, Richard Fred Higgins and Irie Earl Higgins, minors. The questions raised by the bill were as to the validity of the fourth, fifth and sixth clauses on the ground that they

violated the rule against perpetuities, and whether, in consequence of their invalidity, the entire will was null and void. Paul J. Graham, the guardian *ad litem,* answered, denying that the entire will was void on account of the fourth, fifth and sixth clauses of the will being in violation of the rule against perpetuities, and alleging that the second and third clauses of the will created estates which were independent of the other clauses and not part of the general scheme of the testatrix for a disposal of the property and should therefore be given force and effect. The cause was heard upon the pleadings, and the court found that the fourth, fifth and sixth clauses of the will were void and of no effect, and that because of their invalidity the entire will failed and the property descended as intestate estate. It was therefore decreed that the probate of the will be set aside and the property, real and personal, should pass under the laws of descent. The guardian *ad litem* appealed from the decree.

By the first clause of the will the testatrix directed the payment of her just debts and funeral expenses, and the remainder of the will is as follows:

· *"Second*—After the payment of such funeral expenses and just debts, I give, devise and bequeath to my husband, Gilbert T. Higgins, the use, occupation, rents and profits of all real estate owned by me, during his natural life; also all the net income of my personal estate for and during life.

*"Third*—After the death of my husband, Gilbert T. Higgins, I give, devise and bequeath as follows: To my son, William Everett Higgins, my daughter, Myrtle I. Higgins, and the children of my daughter-in-law, Maggie Higgins, share and share alike, the use, occupation, rents and profits of all real estate owned by me at the time of my decease, also share and share alike all the net income from my personal estate for and during their lives.

*"Fourth*—After the death of all or either of the parties to whom the life use of my personal and real estate is given

in the third clause of this my last will and testament, it is my will and desire that in each case the heirs of the one so dying shall have during their lives the same benefits from my personal and real estate as devised the parties named in said third clause of this will.

"*Fifth*—It is also my will and desire that after the death of the parties to whom the net income of my personal estate and the use of my real estate is devised in the fourth clause of this will, I give, devise and bequeath to the heirs of said devisees the same income from my personal and the same use of my real estate as those to whom devised in the said fourth clause.

"*Sixth*—After the death of all the devisees as stated in this will, I order and direct that my estate, both real and personal, be divided, share and share alike, among all the heirs to whom the life use was given in the fifth clause of this will, for their sole use and benefit forever.

"*Lastly*—I make, constitute and appoint my husband, Gilbert T. Higgins, and E. L. Beal, of Alexis, Illinois, to be the executors of this my last will and testament and also trustees for the purpose of carrying out the provisions of this will, and with full power to loan any money that may be derived from my estate and rent the real estate and attend to the collection of said rent, pay the taxes and necessary expenses thereof, and to fully carry out the provisions of this will, hereby revoking all former wills by me made."

The daughter-in-law, Maggie Higgins, named in the third clause of the will, is the wife of William Everett Higgins, and the children named therein are their children.

No interest subject to a condition precedent is valid unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest. The rule prohibits the creation of future estates which by possibility may not become vested within the time limited by the rule. (Kales on Future Interests, —2d ed.—sec. 119; Hoopes on Executory Interests, 255;

*Madison* v. *Larmon,* 170 Ill. 65; *Drury* v. *Drury,* 271 id. 336.) Counsel are agreed that the fourth, fifth and sixth clauses of the will violate the rule and are therefore void, and that the second and third clauses would be valid except for the inclusion of the invalid provisions. The sole question is whether the fact that the invalid clauses are included in the will renders the entire instrument void and of no effect, and the only error assigned is upon the finding and decree that the entire will was void.

The object in the construction of a will is to ascertain the intention of the testator and to give it effect unless it violates some rule of law. The rule by which the question is to be determined is, that where a will contains separate provisions, some of which are valid and others invalid, those which are valid will be upheld if they can be separated from the invalid ones and still give effect to the intention of the testator and not interfere with the general testamentary scheme. If the will constitutes one entire scheme of testamentary disposition, and by upholding the valid portions violence would be done to the testator's intention, all must fall. If there is a connected and inseparable scheme of disposition of the estate, each part of which is so connected with the others that they are interdependent, and the presumed intention of the testator would be defeated if one portion were retained and other portions rejected, or if manifest injustice would result from such construction to the beneficiaries or some of them, then all the provisions must be construed together and all must be held illegal. *Lawrence* v. *Smith,* 163 Ill. 149; *Eldred* v. *Meek,* 183 id. 26; *Nevitt* v. *Woodburn,* 190 id. 283; *Reid* v. *Voorhees,* 216 id. 236; *Barrett* v. *Barrett,* 255 id. 332; *McNamara* v. *McNamara,* 293 id. 54.

Examining this will to ascertain the intention of the testatrix, which is to be sustained and given effect if it can be done within the rule stated, it will be seen that her intention was to create four successive, unconnected, inde-

pendent life estates, and at the determination of the last one to devise the remainder in fee. By the second clause she gave a life estate to her husband, Gilbert T. Higgins. After his death a life estate was devised to the son, William Everett Higgins, the daughter, Myrtle I. Higgins, and the children of Maggie Higgins, wife of William Everett Higgins, share and share alike, in the rents and profits of the real estate and the net income of the personal estate, and this intention was expressed by the third clause. The fourth clause purported to give a life estate to the heirs-at-law of all or any of the parties named in the third clause. The fifth clause attempted to give a life estate, after the life estate devised by the fourth clause, to the heirs-at-law of the persons designated by the fourth clause. The sixth clause purported to give the remainder, both real and personal, to the heirs-at-law of the class of persons designated in the fifth clause. These estates were in no way dependent on each other or so connected that the failure of the supposed estates mentioned in the fourth, fifth and sixth clauses would affect in any manner the life estates devised by the second and third clauses. Not only were the successive estates independent in point of time but there was no connection between them, and it cannot be said that if the testatrix had known that the devises in the fourth, fifth and sixth clauses would be ineffective she would not have created the estates devised by the second and third clauses. There would be no manifest injustice to any beneficiary by upholding the second and third clauses of the will, but, on the contrary, the intention of the testatrix expressed in the third clause would be defeated as to the children of the daughter-in-law, Maggie Higgins, wife of William Everett Higgins, if that clause should be declared void. Her intention that the children should share with the son and daughter in the income of the real and personal property during their lives should not be defeated if it can reasonably be avoided.

The existence of a trust created by a will is often a material consideration in determining whether the entire will must fail, because the trust usually embraces the entire scheme for the disposal of the property, and the objects of the trust are frequently so connected together that the presumed wishes of the testator would be defeated if one portion were retained and other portions rejected. This will is somewhat peculiar in respect to its trust provisions. By the second and third clauses of the will the occupation of the real estate is given in general terms in connection with the rents, profits and net income to the beneficiaries, but afterward the executors are also appointed trustees for the purpose of carrying out the provisions of the will. Active duties are imposed upon the trustees, and the will by clear and explicit language requires the performance of such duties by them. They are given full power to loan any money derived from the estate and rent the real estate and attend to the collection of the rents, pay the taxes and necessary expenses thereof, and to fully carry out the provisions of the will. This final provision of the will must be held to qualify the general language of the second and third clauses and to express the intention of the testatrix. The trust created, however, and the objects of the trust, are in no manner connected, and the trust attempted to be created for carrying into effect the invalid clauses has no relation to the trust for giving effect to the second and third clauses. The second and third clauses should be sustained to carry into effect the intention of the testatrix so far as permitted by rules of law.

The decree is reversed and the cause remanded to the circuit court, with directions to enter a decree in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*