(No. 14073.—Reversed and remanded.)
MARGARET C. ALDENDIFER *et al.* Appellees, *vs.* L. J. WYLIE, Trustee, *et al.* Appellants.

*Opinion filed February 21, 1923.*

1. WILLS—*statement of the rule against perpetuities.* The rule against perpetuities requires that property must vest in absolute ownership in someone within the period of a life or lives in being and twenty-one years and nine months thereafter, and no interest subject to a condition precedent is valid unless the condition must be fulfilled, if at all, within said period after the creation of the interest.

2. SAME—*rule against perpetuities is violated if there is a possibility that estate will not vest within limit of the rule.* The rule against perpetuities prohibits the creation of future estates in those cases where there is a possibility that the fee will not vest within the limits fixed by the rule, and if it be possible that the fee will not vest, although it is probable that it will, the devise is nevertheless void.

3. SAME—*will must be construed according to intention of testator.* In construing a will the intention of the testator will govern where that intention can be determined and does not violate some rule of law.

4. SAME—*when a construction producing void devise must be adopted.* While it is a rule that a construction rendering a devise void will not be adopted if it is possible to give it a valid construction, yet where the provision is capable of but one construction and there is no language in the will to render it valid the devise must be given the construction which renders it void.

5. SAME—*rule against perpetuities is a rule of law and not of construction.* The rule against perpetuities is a rule of law and not of construction, and when the purpose or intention as expressed by the language used in the will is seen to fall within the prohibition of the rule, the devise is void although it is admitted that the testator did not intend to make a void devise.

6. SAME—*when the invalid provision will not render other provisions void.* Where a will contains separate provisions, some of which are valid and others invalid, the valid provisions will be upheld if they can be separated from the invalid and still give effect to the intention.

7. SAME—*when portion of devise in trust may be held valid.* A devise of the residue of the testator's property in trust, with directions to pay a specified annuity to the testator's widow for life and

at her death to pay a certain annuity to the testator's named daughter for life, may be sustained even though the remainder of the trust provision must be held invalid as violating the rule against perpetuities in attempting to fix the trust period as from the date of the daughter's death to the time the testator's youngest grandchild shall attain the age of thirty years.

DUNCAN, J., dissenting.

APPEAL from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.

ANDERSON & MANGAS, and JACK & BOGGESS, for appellants.

WILLIAM L. PATTON, and W. J. MILLAR, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee Marguerite C. Aldendifer filed her bill in the circuit court of Logan county asking construction of the will of her father, James W. Collins. She made the trustee and the beneficiaries and legatees under the will parties to the proceeding. By her bill she especially asked construction of the third clause of the will with reference to the rule against perpetuities and the statute concerning accumulations. The chancellor decreed that the entire trust provisions under the third clause of the will were void and of no effect and that the property involved thereunder descended as intestate property to the heirs-at-law of Collins. The trustee, L. J. Wylie, and others, have appealed.

James W. Collins died May 18, 1920. He was survived by his widow, Leila Burgess Collins, of the age of sixty-eight years, and Marguerite C. Aldendifer, of the age of thirty-two years, who was his only child and heir-at-law. The daughter at the time of her father's death was the mother of two children, Joseph, aged four years, and James, aged two years, and was the expectant mother of another child, born after the death of the testator. The testator died seized of considerable real and personal property. His resi-

dence in Lincoln, Illinois, personal effects, household furni-
ture and his life insurance were devised and bequeathed to
his widow. That property is not in dispute here. He left
considerable other real estate in the city of Lincoln, and
telephone company stock, leaving an estate of a net value
of approximately $55,000. Clause 3 is as follows:

"*Item Three*—I give, bequeath and devise all other real
estate and the rest and residue of my personal estate, of
every kind and character and wherever situated, excepting
which is disposed of by the terms of item 2 hereof, and
which I may own and be entitled to at the time of my death,
to L. J. Wylie, of Decatur, Illinois, in trust, however, for
the uses and purposes herein expressed. It shall be the duty
of said trustee to pay to my said wife, Leila Burgess Col-
lins, out of the income of my said trust estate, the sum of
twenty-five hundred ($2500) dollars each year during her
life for her support and maintenance, and at and after the
death of my said wife he shall pay to my beloved daughter,
Marguerite Collins Aldendifer, out of the income of said
trust estate, the sum of one thousand two hundred ($1200)
dollars during each year of my said daughter's life for her
support and maintenance; and commencing at the date of
the death of my said daughter and continuing until my
youngest grandchild shall reach the age of thirty years, my
said trustee shall pay each year out of the income of said
trust estate the sum of two thousand ($2000) dollars to
the children and heirs of the body of deceased children of
my said daughter her surviving, said two thousand ($2000)
dollars to be divided *per stirpes* and not *per capita;* provided
that in the event of the death of a child of my said daugh-
ter and after the death of my said daughter and before the
end of said annuity period, and said deceased child's share
shall go to the heirs of the body of said deceased child, if
any, and if there be no heirs of the body, then to the other
surviving children and heirs of the body of deceased chil-
dren of my said daughter, *per stirpes* and not *per capita;*

and provided further, that in the event of the death of all of the heirs of the body of a deceased child of my said daughter after my said daughter's death and before the end of said annuity period, the share of said deceased heirs of the body shall go to and be paid by said trustee to the other surviving children and heirs of the body of deceased children of my said daughter, *per stirpes* and not *per capita*. I direct that said trustee, after the death of my said wife and my said daughter and at the end of said annuity period, shall pay or transfer or divide the whole of my said trust estate, both principal and accumulated income, to or among the children then living of my said daughter and to or among the heirs of the body of any deceased child of my said daughter then living, said payment or transfer or division to be made *per stirpes* and not *per capita*. My trustee is empowered to execute all necessary assignments, conveyances or other instruments to fully and properly effectuate such payment, transfer or divisions, and in the event that after the death of my said wife and of my said daughter, and before or at the end of said annuity period, there be no living child or heirs of the body of a deceased child of my said daughter, then said trustee shall pay or transfer or divide the whole of said trust estate, both principal and accumulated income, to or among my nieces, Lois Collins Williams, Luseal Harris Orton, and my nephew James Ivan Williams, their heirs, *per stirpes* and not *per capita*."

The will contains nine clauses, 4, 5, 6 and 7 of which define and prescribe the powers and duties of the executor and trustee. By these clauses the trustee is invested with full discretion as to the management, control and execution of the powers and duties reposed in him by the will, including the right to vote the stock in the several companies. The testator expresses full confidence in the integrity, discretion and business judgment of the trustee. He is given power to sell any and all of the real estate, and to borrow money if necessary to carry out the directions of the will.

It is evident from a reading of the will that the testator intended that the trustee should have full power, management and control of his entire estate aside from the property devised and bequeathed to his widow as herein referred to.

Appellants contend, first, that clause 3 of the will is not void as contravening the rule against perpetuities; and second, that if it be so as to the surviving children of Mrs. Aldendifer or the heirs of the body of any deceased child, it does not defeat the entire clause nor the portion of the will conferring powers upon the trustee. It is urged on the other hand by appellees that the third, fourth, fifth, sixth, seventh and eighth clauses are void because the disposition of the property by the testator in the third clause violates the rule against perpetuities. The basis of this argument is found in the construction contended for by appellees of the language of the third clause fixing the annuity period, which, after providing for the payment of an annuity of $2500 to the wife during her life and the sum of $1200 to the daughter during her life after the death of the wife, provides as follows: "and commencing at the date of the death of my said daughter and continuing until my youngest grandchild shall reach the age of thirty years, my said trustee shall pay each year," etc. Appellants contend that the words "my youngest grandchild" refer to the last born child of Mrs. Aldendifer, while appellees contend that this language relates to James, the youngest son of Mrs. Aldendifer living at the date of the death of the testator.

The rule against perpetuities requires that property must vest in absolute ownership in someone within the period of a life or lives in being and twenty-one years and nine months thereafter. No interest subject to a condition precedent is valid unless the condition must be fulfilled, if at all, within twenty-one years and the period of gestation after some life in being at the creation of the interest. The rule prohibits the creation of future estates in those cases where there is a possibility that the fee would not vest within the

limits fixed by the rule. If it be possible that the fee will not vest within that time though probable that it will, the devise is nevertheless void. *Beal* v. *Higgins,* 299 Ill. 229; *Drury* v. *Drury,* 271 id. 336; *Owsley* v. *Harrison,* 190 id. 235; *Eldred* v. *Meek,* 183 id. 26; *Madison* v. *Larmon,* 170 id. 65; *Lawrence* v. *Smith,* 163 id. 149; Kales on Future Interests, (2d ed.) sec. 119; Hoopes on Executory Interests, 255.

Clause 3 of the will provides: "I direct that said trustee after the death of my said wife and my said daughter and at the end of said annuity period, shall pay or transfer or divide the whole of my said trust estate, both principal and accumulated income, to or among the children then living of my said daughter and to or among the heirs of the body of any deceased child of my said daughter then living, said payment or transfer or division to be made *per stirpes* and not *per capita.*" The interest conveyed to the children of Mrs. Aldendifer or the heirs of the body of a deceased child are therefore contingent, vesting only in the grandchildren of the testator living at the end of the annuity period and the then living heirs of the body of any deceased grandchild. The distribution is to be made *per stirpes* and not *per capita.* If the testator intended that the annuity period should expire and the fee become vested when his grandson James became thirty years of age the rule was not violated, but if by the use of the language "my youngest grandchild" he intended that the annuity period should be continued until the last born child of his daughter should reach the age of thirty years, then the possibility exists that a grandchild might be born who would not have arrived at the age of thirty years within the required period,—that is, within twenty-one years and nine months after the death of his daughter, the life tenant. To determine whether or not the devise comes within the rule against perpetuities it is first necessary to determine the intent or purpose of the testator in the use of the language employed.

· · It is a familiar canon of construction relating to wills, that the intention of the testator will govern where that intention can be determined and does not violate some rule of law. It will be noted that by the third clause the testator directs that after the death of his daughter the trustee shall pay the sum of $2000 each year, out of the income of the trust estate, to the children and heirs of the body of the deceased children of his daughter who survive her. This includes all children born to the daughter and the heirs of the body of any deceased child surviving her. His intention to provide for all his grandchildren until the youngest of them became thirty years of age thus seems manifest. Had he intended that the annuity period should cease when James, his youngest grandchild living at the time of his death, became thirty, it might readily occur that the last born child of his daughter would still be a minor when the annuity period ended. There is nothing in the will to indicate that the testator desired or intended that such a thing should be possible, or that he intended that the trusteeship should be brought to an end while any of his grandchildren were in their minority. On the other hand, a purpose to create a trust that should exist until the last child born to his daughter should arrive at the age of thirty years is strongly evidenced by the direction as to the payment of the annuity after his daughter's death. Had he intended that the annuity period should be limited to his grandchild James, he must be held to have known that the annuity period would, without other description or provision for extension, end in case of the death of the grandchild James before reaching the age of thirty years, and the scheme of the will to provide a trust for all of his grandchildren would fail. Assuming that the youngest grandchild at the time of the testator's death were to die within a year after the testator, which he must have known might happen, then if appellants' construction of the term "youngest grandchild" is correct and was intended by him, he must be held to have

intended that the trust should fail because of the description of the annuity period. That he did not intend such a possible result seems too clear to admit of argument.

While it is a familiar rule of construction that if the language of the will is fairly capable of two constructions, one which will produce a legal devise and the other an illegal one, the former rather than the latter is to be adopted, yet we are unable to say that the language of this clause is fairly capable of the construction contended for by appellants without aid from other language in the will, and there is no such language. There is nothing in the will to indicate that the testator intended that the language "my youngest grandchild" should be construed to read "my youngest grandchild, James." On the other hand, the language of the clause in directing disposition of the annuity tends to establish a contrary intention and purpose. The rule against perpetuities is a rule of law and not one of construction. When the purpose or intention is determined and is seen to fall within the prohibition of the rule, the devise is void though it may be admitted that the testator did not intend to make a void devise. Once the intention of the testator is determined, the question whether the devise is void, and the purpose of the testator therefore impossible of fulfillment, is one of application of the law and not of construction of the will. The gift to the children or the heirs of the body of a deceased child of the daughter living at the end of the annuity period, and the remainder over to the testator's nieces and nephew in case none of such named distributees are living at the end of or during the annuity period, are void as contravening the rule against perpetuities.

Appellants contend that even if the devise to the grandchildren be void as violating the rule against perpetuities, it does not vitiate the entire devise under clause 3 of the will, but they say the trusteeship, so far as it relates to the life interests given to the widow and to the daughter and to the remainders to the nieces and nephew, may nevertheless

306—28

be held to be valid. Where a will contains separate provisions, some of which are valid and others invalid, the valid ones will be upheld if they can be separated from the invalid and still give effect to the intention of the testator and not interfere with the general testamentary scheme. If there be but one entire scheme of testamentary disposition and the valid portions of the will cannot be upheld without doing violence to that scheme or intention all provisions must fall. So where the parts of the scheme of the disposition are so connected with others that they are interdependent to the extent that the intention of the testator would be defeated if one portion is upheld and other portions rejected, or if manifest injustice results from such construction, then all provisions must be held to be illegal. *Beal* v. *Higgins, supra; Beatty* v. *Stanley,* 298 Ill. 444; *McNamara* v. *McNamara,* 293 id. 54; *Lawrence* v. *Smith, supra.*

The question here presented by this contention is whether the annuity period of the trust may be so divided as to save the interests which in nowise conflict with the rule against perpetuities. The testator intended that throughout the life of his widow and that of his daughter the estate should be in the hands of a trustee. He evidently did not want the control of it to pass at any time into the hands of his son-in-law. It is also true that he intended that the period of the trust should extend beyond these two life interests, and in furtherance of that intention he sought to establish an invalid period of duration of the trust. If the trust period under the scheme of devise in this will can be so divided as to give effect to the interests for life given to the widow and the daughter without doing violence to the general scheme of the devise such should be done. If this is done, the period of distribution becomes fixed at the death of the survivor of the two life tenants. Clause 3 provides that the distributees at the end of the annuity period shall be the children of the testator's daughter then living and

the living heirs of the body of any deceased child. This clause also provides that those who shall take the annuity after the death of the daughter shall be the children and heirs of the body of deceased children of his said daughter her surviving. It will be seen that while the children who are to take the annuity and those to take under final distribution as provided in the will may not be the same persons by reason of necessity of survival, yet both gifts are to the same class,—*i. e.,* children and heirs of the body of deceased children living at the time the gift becomes effective. Furthermore, the life interests of the widow and daughter are definitely determined estates and by the terms of the will precede any interest which the children are to take. Their preservation, therefore, in nowise conflicts with the intention of the testator concerning the later disposition of his estate.

We are of the opinion that while the distributions as directed by the will to be made at the end of the annuity period and the remainders over to the testator's nieces and nephew may be postponed beyond the period permitted by the rule against perpetuities and are therefore void, the trust created in clause 3 of the will can be upheld for the lives of the widow and daughter without doing violence to the general testamentary scheme of the testator. It follows that the subsequent sections of the will, so far as they relate to the trust during such lives, are valid. (*Beal* v. *Higgins, supra; Moroney* v. *Haas,* 277 Ill. 467; *Quinlan* v. *Wickman,* 233 id. 39; *Rozell* v. *Rozell,* 217 Mich. 324.) The chancellor therefore erred in decreeing that the entire will is void.

The decree is reversed and the cause is remanded, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*

Mr. JUSTICE DUNCAN, dissenting.