**Frank R. Leonard, Trustee of Estate of William H. Sampson, Deceased, et al., Appellants, v. Chicago Title and Trust Company et al., Appellees.**

**Gen. No. 39,811.**

Opinion filed January 11, 1939.

Fry & Fry, of Chicago, for appellants.

Pomeroy & Colitz, of Chicago, for certain appellees; Paul F. Pomeroy, Patrick B. Prescott, Jr., and Charles F. Grimes, of Chicago, of counsel.

Maurice J. Walsh, of Chicago, for certain other appellee.

Mr. Presiding Justice Hall delivered the opinion of the court.

Plaintiffs filed a complaint in the superior court of Cook county, seeking to set aside a trust agreement entered into between William H. Sampson, now de-- ceased, and the Chicago Title & Trust Company, dated March 23, 1927, and praying for the transfer of certain shares of stock mentioned in this agreement to the estate of William H. Sampson. After a hearing before the court and on July 9, 1937, the court decreed that the complaint be dismissed for want of equity, with

costs of the defendants to be taxed against the plaintiffs. The court further ordered that the guardian *ad litem* of a minor defendant be paid the sum of $500, to be also taxed as costs against the plaintiffs. This is an appeal from that decree.

The trust agreement referred to, among other provisions, contains the following:

"First. This trust shall continue for ten (10) years from the date hereof and at the expiration of the said ten (10) years (unless sooner terminated as hereinafter provided) said seventy (70) shares of stock be assigned, transferred and conveyed by said Trustee to Charles Leo Sampson, upon the payment by Charles Leo Sampson to said William H. Sampson of the sum of Seven Thousand ($7,000) Dollars.

"Second. If the said William H. Sampson shall decease prior to the expiration of the said ten (10) year period, then said seventy shares of stock shall be assigned, transferred and conveyed by the said Trustee to said Charles Leo Sampson, upon payment by said Charles Leo Sampson of the sum of Seven Thousand ($7,000) Dollars to Raymond J. Sampson, if said Raymond J. Sampson be then living. If, however, said Raymond J. Sampson be deceased at the time of said payment then said Seven Thousand ($7,000) Dollars shall be paid to the estate of said Raymond J. Sampson.

"Third. If the payment hereinabove provided for is not paid by the said Charles Leo Sampson at the time of termination of said Trust, either by limitation of time or the death of said first party, then this Trust shall continue in force until said payment of Seven Thousand ($7,000) Dollars is made, but in no case shall the trust continue for more than twenty-five years from date hereof."

The complaint alleges that in accordance with the agreement, the 70 shares of stock referred to therein

was subsequently transferred to the Chicago Title & Trust Company, in whose possession they still remain; that William H. Sampson died on January 4, 1932; that he left Raymond J. Sampson and Charles Leo Sampson as his only heirs at law and next of kin; that the last will and testament of William H. Sampson was subsequently admitted to probate, and that Raymond J. Sampson was appointed administrator and qualified by filing bond. The will referred to, among other provisions, contains the following:

"I give and bequeath unto my son, Charles Leo Sampson, the sum of one hundred dollars ($100). The bequest to my said son, Charles Leo Sampson, is limited to the sum of one hundred dollars because I have heretofore, from time to time, made advances to him which amount, in the aggregate, to a considerable sum of money and have also, pursuant to the provisions of a certain agreement, in writing, entered into March 23, 1927 with my said son, deposited with the Chicago Title & Trust Co. as Trustee, in trust, certificates for a total of seventy shares of the capital stock of Sampson & Ollier Electrotype Co. which Shares, when delivered to my said son, will be sufficient to give him a controlling interest in the said Sampson & Ollier Electrotype Co."

In general, the claim of the plaintiffs, as set forth in their complaint, is that the trust agreement is void because it is a violation of the rule against perpetuities, that the document referred to as a trust agreement is nothing more than an offer on the part of William H. Sampson to sell the 70 shares of stock mentioned in the agreement, to Charles Leo Sampson for $7,000, and that because the offer was not accepted in the lifetime of William H. Sampson, it expired with William H. Sampson's death. Further, that the document referred to as a trust agreement constituted nothing more than the naming of the Chicago Title & Trust Company as agent for William H. Sampson, which was

not done during his lifetime, and that the agency lapsed upon the death of William H. Sampson. The above grounds for relief as set forth in the complaint are in terms, grounds for reversal advanced by plaintiffs here. Plaintiffs also insist that the court was in error in taxing the guardian *ad litem* fees of $500 against them.

It is here to be noted that the document referred to is dated March 23, 1927, and that William H. Sampson died on January 4, 1932, less than 5 years after the execution of the instrument.

In *Millikin Nat. Bank of Decatur v. Wilson,* 343 Ill. 55, the rule against the creation of perpetuities is stated as follows: " 'No interest subject to a condition precedent is good, unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest,' is in force in Illinois. (Kales, Estates, Future Interests, (2d ed.) sec. 652; *Howe v. Hodge,* 152 Ill. 252). It is an inviolable rule of law and cannot be invoked to ascertain the testator's intention. (*Dime Savings and Trust Co. v. Watson,* 254 Ill. 419). A limitation that may be too remote is void from the outset. (Wigram on Wills, part 2, O'Hara's Interpretation of Wills, pp. 379, 380: *Aldendifer v. Wylie,* 306 Ill. 426; *Barrett v. Barrett,* 255 id. 332.) To escape the application of the rule, it must appear at the time the future interest is created, that, under any conceivable combination of circumstances, the interest will necessarily vest within the period prescribed. It is not sufficient that the future interest may vest within that period."

As we construe the document in question, it means that under any and all circumstances, payment for the shares of stock mentioned in the agreement must be made by Charles Leo Sampson within his, Charles Leo Sampson's, lifetime, and that upon such payment the title to the stock mentioned will become vested in him, and that the 25-year limitation mentioned means noth-

ing more than that under any and all circumstances the payment must be made and the trust terminated within the period of 25 years, even though Charles Leo Sampson should live more than 25 years beyond the date of the execution of the instrument. This certainly is for a life in being, and we can see nothing in the instrument which can be construed to mean that it extends beyond that period.

We are of the opinion that the trust agreement is not void because it creates a perpetuity, and that the Chicago Title & Trust Company was, by the terms of the agreement, the trustee appointed by William H. Sampson to carry out the terms of the trust.

We find nothing in the record to indicate that in the court below any objection was made to the allowance of the fees for the guardian *ad litem,* and our attention is not called to any evidence offered on the subject as to whether the amount of fees charged was reasonable or unreasonable.

The motion to dismiss the appeal is denied, and the decree of the superior court of Cook county is affirmed.

*Decree affirmed.*

HEBEL and DENIS E. SULLIVAN, JJ., concur.