(No. 24951.—)
RICHARD H. THOMAS, JR., *et al.* Appellees, *vs.* THE PULL-
MAN TRUST & SAVINGS BANK *et al.*—(ROBERT C.
DEVENEY *et al.* Appellants.)

*Opinion filed June 15, 1939.*

CHARDES V. FALKENBERG, for appellants.

BRADBURN & DAMMANN, for appellee Richard H. Thomas, Jr.; WILLIAM J. CAPONIGRI, and JOHN J. DEVERY, for other appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

This is an appeal by Robert C. Deveney, Katherine E. Deveney and Harold Blue, minors, and the trustee appointed by the court for the children not yet in being, of certain life tenants, from a decree entered in the circuit court of Cook county, which construed a trust agreement created by John Blue during his lifetime, and a similar trust set up in his last will and testament.

Richard H. Thomas, Jr., is acting as successor trustee under the trust agreement. Harry Blue, intermarried with Millie Blue, and Byford Deveney, intermarried with Elizabeth Deveney, are the persons designated to take the life interest in the fund created by both the trust and the will. Robert C. Deveney and Katherine E. Deveney, minor children of Byford Deveney, and Harold Blue, the minor child (adopted) of Harry Blue, are the ultimate beneficiaries in said trust. James Albert Blue was a brother of John Blue and the beneficiary of a life income, but he died, intestate, during the pendency of the suit, leaving his wife, Kate Blue, George Hatch, a nephew, and Rachel Maus, a niece, intermarried with one Charles Maus. James Albert Blue, George Hatch and Rachel Maus were the only heirs-at-law of said John Blue.

The case arises on petition of the trustee in the trust agreement, to construe it and the trust created in the will, claiming that it is valid in its entirety, but says that if the court should find the gift over to the children of Harry Blue and Byford Deveney invalid, the trusts are good for those who receive the life income, and their respective wives. James Albert Blue contended the trust and will were valid. George Hatch, Rachel Maus, and her husband, contended that both the trust and will are void because they violate the rule against perpetuities.

The chancellor found the facts as above stated and held that the specific gifts to certain beneficiaries were valid; that the provisions giving James Albert Blue, Byford Deveney and Harry Blue the income from the two trust estates were valid, and separable from the future gifts to the children of Byford Deveney and Harry Blue, the beneficiaries of which might not be determined within the time prescribed by the rule against perpetuities, which gifts were, therefore, void; that in the event Harry Blue or Byford Deveney both die leaving each a wife but no children, such surviving wife shall be entitled to the income of the trust estate enjoyed by her husband until her death and that upon the death of Harry Blue and Byford Deveney and their wives, after payment of the specific bequests, the property in the hands of the trustee shall be distributed in equal shares to Rachel Maus, niece of the testator, George Hatch, nephew of the testator, and Kate Blue, surviving wife and heir of James Albert Blue, a brother of the deceased.

The trust agreement, dated April 22, 1929, directed the distribution of the net income during the life of the donor, as follows: Payments to certain beneficiaries and in amounts therein specified, and the balance of the net income to be paid to the donor. At the donor's death the trustee was directed to make certain specific payments, and as to the residue of the trust estate the trust provided: "The Trustee shall pay the net income from said Trust Estate, after de-

ducting the necessary expenses of the Trust as follows: To Albert Blue the sum of Two Thousand Five Hundred ($2500.00) Dollars per year during his lifetime. The income from the balance of said Trust Estate shall be divided equally between and paid over to Harry Blue and Byford Deveney, for and during their natural lives, and after their death, the said income to which each of them shall have been entitled out of the residuum shall be paid to their children until the youngest child of each has reached the age of forty years, at which time the principal sums on which the income has been received by them shall be paid to said children. Distribution of the principal to the children of the said Harry Blue and Byford Deveney, after and when they shall be entitled to receive the same, shall be made to them in equal shares, dividing the shares of the said Byford Deveney amongst his children equally and the shares of the said Harry Blue amongst his children in equal shares. In the event that either the said Byford Deveney or Harry Blue shall die leaving no children surviving him, then, and in that instance, the income to which either of them are hereunder entitled shall be paid to his or their wives, so long as they live, and upon their death, said principal sum and income thereof, in said trust, shall be distributed to the surviving beneficiaries of this trust, my intention being that should either of them die leaving no children, then the children of the other shall be the ultimate recipients of the income and principal."

The last will and testament of John Blue, executed December 10, 1928, after directing the payment of debts and funeral expenses, devised and bequeathed the residue to John A. Schmidt, as trustee, to make the following disposition: $1,000 to each of the children of David Blue surviving at the death of the testator; $1,000 to each of the children of Jane Bell surviving at the death of the testator; $2,000 to a Mrs. Robinson, and to the Graceland Cemetery a sum sufficient to care for the cemetery lot of the testator

and his wife. As to the balance of the estate the will provided as follows:

"(i) The balance of my estate remaining in the hands of my said Trustee, after the payment of the above, shall be kept invested as hereinbefore provided and my said Trustee shall pay and distribute the income after deducting the expenses of the Trust as follows:

"(1) To my brother, Albert Blue, during his lifetime, the net income from the invested sum of Seventeen Thousand ($17,000.00) Dollars and after the death of my said brother Albert Blue, the said sum of Seventeen Thousand ($17,000.00) Dollars, shall become a part of the residuum of my estate; my Trustee being hereby directed and empowered in his discretion to provide out of my trust estate for the burial of my said brother and for the establishment of the perpetual care of his grave, wheresoever he may be buried.

"(2) Said Trustee shall pay to Harry Blue the income from the sum of Twenty-five Thousand ($25,000.00) Dollars during his lifetime, and after his death said fund shall be paid and distributed as hereinbefore provided.

"(3) My said Trustee shall pay to my nephew Byford Deveney, the income from the sum of Fifty Thousand ($50,000.00) Dollars, in said trust for and during his lifetime, and after his death, the said principal sum shall be distributed as hereinafter provided.

"(4) The income of the balance of the said Trust Estate shall be divided equally between them, and paid over to the said Harry Blue and Byford Deveney, for and during their natural lives, and after their death, the said income to which each of them shall have been entitled out of the residuum and the legacies of Twenty-Five Thousand ($25,000.00) Dollars and Fifty Thousand ($50,000.00) Dollars above mentioned, shall be paid to their children until the youngest child of each, has reached the age of forty years, at which time the principal sums on which the income has been re-

ceived by them shall be paid to said children. Distribution of the principal to the children of the said Harry Blue and Byford Deveney, after and when they shall be entitled to receive the same, shall be made to them in equal shares, dividing the share of the said Byford Deveney amongst his children equally and the shares of the said Harry Blue amongst his children in equal shares. In the event that either the said Byford Deveney or Harry Blue shall die leaving no children surviving him, then, and in that instance, the income to which either of them are hereunder entitled shall be paid to his or their wives, so long as they live, and upon their death, said principal sum and income thereof, in said trust, shall be distributed to the surviving beneficiaries of this trust, my intention being that should either of them die leaving no children, then the children of the other shall be the ultimate recipients of the income and principal.

"The distribution of the income from said trust, shall be monthly, quarterly, semi-annual or yearly, as my said Trustee in his discretion shall deem most advisable."

The guardian *ad litem* for the minor children of Harry Blue and Byford Deveney, and the trustee for the unborn children, appeal to this court, urging that the provisions of the will and trust do not violate the rule against perpetuities and are valid in all respects. The proper construction of this will and trust involves the ownership of the real estate and personal property in the trust and, therefore, involves a freehold.

The rule against perpetuities has been defined as providing that no interest is good unless it must vest, if at all, not later than twenty-one years and nine months after some life in being at the creation of the interest. (Gray on Perpetuities, (1915) p. 174; *McKibben* v. *Pioneer Trust and Savings Bank,* 365 Ill. 369.) If by any possibility the interest does not vest within this time, it comes within the rule and the devise is void. *Aldendifer* v. *Wylie,* 306 Ill. 426; *Beal* v. *Higgins,* 299 id. 229.

In order to apply the law pertaining to perpetuities it is necessary to interpret the will to gather the intention of the testator, which is ascertained from words and expressions used in the will itself. The different provisions and parts of the instrument are to be compared with and read in the light of each other to harmonize them if possible. (*Howe v. Hodge,* 152 Ill. 252.) When that intention is ascertained, then the law with respect to perpetuities is applied and if the intention of the testator offends it, the devise is void, as the rule against perpetuities is a rule of law and not a rule of construction, and, if it is violated, the devise or gift must fail. *Dime Savings and Trust Co.* v. *Watson,* 254 Ill. 419; *Aldendifer* v. *Wylie, supra.*

The principal beneficiaries were not the heirs of the testator, and the right to payment of the income to the life beneficiaries and to the payment of the principal to the ultimate takers arises out of directions to a trustee, and not by way of a direct gift or devise by the testator to the parties benefited. The scheme of the testator is for the trustee to pay the income to Blue and Deveney for their respective lives; after their respective deaths the trustee is required to pay to the surviving children of each the income in equal shares until the youngest child of each reaches the age of forty years; if either Blue or Deveney should die leaving no child surviving, then the income shall be paid to Blue's or Deveney's wife as the case may be, as long as she lives, and upon such wife's death, the income and principal paid to the children of the life tenant dying last, as ultimate beneficiaries of the income and principal.

After the death of the life tenants the trust limits the gifts to children of Blue or Deveney as it is specific in providing: "Said principal and income thereof in said trust, shall be distributed to the surviving beneficiaries of this trust, my intention being that should either of them die leaving no children, then the children of the other shall be the ultimate recipients of the income and principal." There

is no room in this language to hold that the heir or representative of a deceased child of either Blue or Deveney has any interest in the trust fund. This is further indicated by the fact the termination period is when the youngest child reaches the age of forty years when the principal sum "shall be paid to said children" and by the directions as to division—"dividing the share of the said Deveney among his children equally and the share of the said Blue among his children in equal shares."

It is, moreover, manifest from said will that only "children" who survive the time of payment may participate in the gift of the principal sum, as the will specifies after the death of Blue and Deveney "said income * * * shall be paid to their children until the youngest child of each has reached the age of forty years, *at which time the principal sum*" shall be paid to said children; also, "distribution of the principal to the children * * * after and when they shall be entitled to receive the same," etc. After the provision for the contingency of a wife taking a life interest and dying, the will provides: "And upon their death said principal sum and income thereof in said trust, shall be distributed to the surviving beneficiaries of this trust," etc. And the final words, "My intention being that should either of them [Blue or Deveney] die leaving no children, then the children of the other shall be the ultimate recipients of the income and principal." These provisions all describe persons and fix time of vesting, and when taken in connection with the absence of provision for heirs or representatives of children can only mean that the persons who qualify for the gift are those persons who are children of either Harry Blue or Byford Deveney at the time the youngest reaches the age of forty years.

With this intention of the testator before us we perceive a gift by direction to a trustee to pay. The persons to be paid must be children of Harry Blue or Byford Deveney and the only children who can participate are

those of each life beneficiary who survive until his youngest brother or sister is forty years of age, and for the ultimate gift to the children of the surviving life tenant there is a further requirement that the other life tenant must have died with no children surviving him. Obviously, there are two conditions precedent before it can be made certain who will ultimately take the gift. First, the children who are surviving when the youngest is forty years of age, and second, that any of said children survive to reach the age of forty years. If these conditions precedent are not certain to happen within the lives of those in being and twenty-one years and nine months thereafter, the gift over to the persons designated as children is void. As to either class of said children it is obvious that Harry Blue or Byford Deveney may have a child born after his death who would not have arrived at the age of forty years within twenty-one years and nine months after the death of his father. (*Aldendifer* v. *Wylie, supra,* at p. 441.) In the case of the ultimate beneficiaries, viz.,—the children of the surviving life tenant,—the payment of the gift may be postponed the length of an additional life, for Blue or Deveney may possibly marry a woman yet unborn, who survives him, and add to the period the length of another life not yet in being.

Where the only gift is to be found in the direction to pay or devise at a future time, the legacy is contingent upon the legatee surviving the date of payment. (Kales on Future Interests, sec. 500.) This has been recognized as a general rule. (*McCartney* v. *Osburn,* 118 Ill. 403; *Ingraham* v. *Ingraham,* 169 id. 432, 453; *Dee* v. *Dee,* 212 id. 338; *Dime Savings and Trust Co.* v. *Watson, supra; Medahl* v. *Wallace,* 270 Ill. 220.) This principle has been applied where the time of distribution is sure to arrive and is unconnected with the legatee, such as the expiration of a given number of years, (*Walker* v. *Walker,* 283 Ill. 11; *Reid* v. *Voorhees,* 216 id. 236;) and also applies where the legacy is contained only in the direction to pay the legatee

at a certain age. *Aldendifer* v. *Wylie, supra; Schuknecht* v. *Schultz,* 212 Ill. 43; *Eldred* v. *Meek,* 183 id. 26.

It is claimed by appellants that the gift in the present instance is to a class and therefore valid. The general rule in this respect is laid down by Gray on Perpetuities, section 369, as follows: "There is often a gift to a class of persons, for example to the grandchildren of the testator, upon a contingency which may happen beyond the limits of the rule against perpetuities; as for instance a bequest of money to be divided among those of the testator's grandchildren who reach twenty-five. Such a gift is bad although the testator has children living at his death. And although if the living grandchildren reach twenty-five they must do so during lives in being at the testator's death, namely their own lives, yet as they may all die before reaching twenty-five, the class may ultimately be composed of grandchildren not born at the testator's death and the bequest may, therefore, vest more than twenty-one years after the end of all lives then in being." This statement of the rule is supported in Illinois. (*Schuknecht* v. *Schultz, supra; Moroney* v. *Haas,* 277 Ill. 467; *Aldendifer* v. *Wylie, supra; Dime Savings and Trust Co.* v. *Watson, supra.*) The facts in *Moroney* v. *Haas, supra,* are very similar to those here. After making certain special devises the residue was placed in trust to hold for a niece, Sadie, and pay over to her the net income during her life and after her death to pay the net income over to such of her children and issue of deceased children as might survive her, until the youngest child surviving should arrive at the age of twenty-five years, at which time the trustee was to convey to such surviving children the fund, the issue of any deceased child to take *per stirpes.* The court in holding the devise was objectionable to the rule against perpetuities said: "The net income of the trust estate to the children of Sadie Stockel until the youngest child shall arrive at the age of twenty-five years, violates the rule against perpetuities and is void;

and this is evidently true for the final conveyance to the surviving children of Sadie Stockel or their issue, might be postponed until more than twenty-one years after her death." etc.

In *Aldendifer* v. *Wylie, supra,* the provision was for the payment of an annuity "commencing at the date of the death of my said daughter and continuing until my youngest grandchild shall reach the age of thirty years." The daughter had a son living at the date of the death of her father, the testator, and the point was raised that the testator had reference to the living grandchild and not to the youngest grandchild that might be born to the daughter, but it was held, from the wording of the will, that the reference was to the youngest grandchild that might be born at any time, rendering the devise obnoxious to the rule against perpetuities.

In *Schuknecht* v. *Schultz, supra,* the will devised certain property to the testator's son until the youngest grandson should arrive at the age of twenty-five years when it was to be equally divided among the grandchildren. It was held void as violating the rule against perpetuities. In this case there were grandchildren alive, but in passing upon this feature the court held that if the intention of the testator that only grandchildren living at his death should share, the rule would not be violated, but if after-born grandchildren were entitled to participate, the possibility that they would not come within the term would render the gift void.

There are many cases holding that if there is a gift to a class and members of the class are alive at the testator's death and the gift is vested, the class may open up to let in after-born children, even though the legatee dies before the period of distribution. These cases, however, must be distinguished from those where the vesting of the future legacy is subject to a condition precedent that the legatee survive the period of distribution. This court has held

many times that, in such cases, if the gift is contingent upon survival, there is no vesting within the rule against perpetuities until the contingency has actually happened. (*Pitzel* v. *Schneider,* 216 Ill. 87; *Barr* v. *Gardner,* 259 id. 256; *Blakeley* v. *Mansfield,* 274 id. 133; *Northern Trust Co.* v. *Wheaton,* 249 id. 606, 612.) The distinction is made necessary because enjoyment of a future gift or legacy may be postponed indefinitely, but it must be certain to vest within the specified time. *McKibben* v. *Pioneer Trust and Savings Bank, supra; Ashmore* v. *Newman,* 350 Ill. 64; *Easton* v. *Hall,* 323 id. 397.

There is no occasion to consider the circumstances which will determine whether the enjoyment of a devise in the future is postponed for the benefit of the estate or the benefit of the legatee, since it is clear that there is no certainty that any member of the class,—*i. e.,* any child of Harry Blue or Byford Deveney may be vested with the right to take any certain part of the bequest made by the testator within the lives of those in being at the testator's death and twenty-one years and nine months thereafter. The time of distribution does not follow the death of Harry Blue or Byford Deveney, but may be long after, since the time is fixed at the period when the youngest child reaches the age of forty years, during which period there is a direction to the trustee to pay income, and when that time arrives the children, then alive, receive distribution and title to the fund itself. As long as the condition precedent exists which prevents the ultimate beneficiaries under this will from becoming certain, there is no vesting of interest which takes the case outside the rule against perpetuities.

Most of the cases cited by appellant are not in point because they are either cases where perpetuities are not involved or those where there is a clear intention to presently vest the interest in the devisee by the will or trust instrument or the limitation was to take effect within the requisite time. In the case of *Howe* v. *Hodge, supra,* it is

said: "It seems to us that in the case at bar the directions given by the testator with respect to the distribution of the accumulated fund are the same, in effect, as if he had directed the fund to be equally divided among all his grandchildren who attained thirty years of age or among such of his grandchildren as attained that age. * * * As already suggested, if the whole case of the grandchildren was based upon this provision, then the trust would be void, for the case would be governed by the leading case of *Leake* v. *Robinson,* 2 Mer. 363, which has been followed in numerous subsequent decisions and was cited and quoted from with approval in *Blatchford* v. *Newberry,* 99 Ill. 45." The court, however, holds that there was language in the will which created a direct gift, saying: "But in the case at bar * * * the residuary clause of the will closes with this sentence 'my intention in disposing of the property named in this paragraph is to divide it equally among all my grandchildren.' This, in our opinion, distinguishes this case from *Leake* v. *Robinson, supra.* There, the direction to the trustees to pay was the gift, and the only gift, and the master of the rolls, in the language that he used in delivering his judgment, gave frequent intimation if there had been in addition 'a direct gift,' an 'antecedent gift' or a 'new gift' to the grandchildren, his judgment would have been otherwise." In the present case there is no gift except in the direction to the trustees and a clear intention manifested that only survivors at the fixed time take. The case of *Eldred* v. *Meek, supra,* follows *Leake* v. *Robinson, supra,* and is directly opposed to the claims of appellant. The case of *McKibben* v. *Pioneer Trust and Savings Bank, supra,* limited the time of distribution of the trust fund until the youngest child of my said son *who may be living at my death* shall reach the age of thirty-five years, clearly a time which was not within the prohibition of the rule. All the other cases cited have no substantial bearing upon the questions involved.

No question is raised as to the judgment of the court with respect to the specific legacies, nor is there any reason why the life estate given to the surviving widows of Harry Blue or Byford Deveney, in case either or both die without children, is in violation of the rule, because they would immediately succeed their husbands in interest vesting within the period of twenty-one years after his death. It is our opinion that the decree of the circuit court was right and it is, therefore, affirmed.

*Decree affirmed.*