EBEN SEARS, administrator, *vs.* JOHN P. PUTNAM & others.*

A testator, in his will, gave his estate as follows: "In equal parts to and amongst my nephews and nieces," (children of his deceased sisters,) "the portion coming to my nieces to be held in trust for them during the term of twenty-five years from the day of my death, the income to be payable to their individual order only; and on the death of each female *cestui que trust* her portion of the income shall be payable to her children or child, should she leave any, otherwise to the remaining *cestuis que trust* during said term of twenty-five years. At the expiration of said term of twenty-five years, the capital of this trust fund shall be paid to my said nieces, and to the children or child of any of them who shall then be deceased, the children or child of a deceased niece of mine taking the parent's share. Should any of my said nieces die, leaving no children or child surviving at expiration of said term of twenty-five years, her share shall go in equal parts to any surviving nieces or niece of mine, and to the child or children of any one who shall have previously died, such child or children last mentioned taking the parent's share." *Held*, 1. that the will manifested an intent of the testator to give to each nephew an absolute indefeasible interest in his share of the estate, vesting at the testator's death; and to each niece a beneficial interest in an equal share, likewise then vesting, but, in the contingency of her death within twenty-five years, liable to be defeated by an executory devise in favor of her children, if she should leave children, or, if she should die childless, then in favor of the surviving nieces or niece and their children — the right to the income of each niece's share following the apparent or presumptive interest in its capital; 2. that this executory devise over was void for remoteness, as to its disposition both of capital and of income; 3. that, this devise so being void, the trust must fail, and each niece take her share absolutely, like each nephew; 4. that, in the case of a niece who died after the execution of the will and before the death of the testator, leaving two children who died after the testator's death, minors and unmarried, their surviving father was entitled to the share which his wife would have taken had she survived the testator.

MORTON, J. The plaintiff, who is administrator, with the will annexed, of Richard Crease, brings this bill in equity to obtain the direction and instruction of the court as to the construction and effect of the will. The ninth article of the will is as follows:

---

* This and the three following cases were argued in writing

" All the rest, residue and remainder of my estate, of every name or nature, I give in equal parts to and amongst my nephews and nieces, (the children of my sisters, Eliza F. Sears and Sarah M. Laughton, both deceased,) the portion coming to my nieces to be held in trust for them, during the term of twenty-five years from the day of my death, by whomsoever the probate court shall appoint as trustee of this fund, the income to be payable to their individual order only ; and on the death of each female *cestui que trust* her portion of the income shall be payable to her children or child, should she leave any, otherwise to the remaining *cestuis que trust,* during said term of twenty-five years. At the expiration of said term of twenty-five years, the capital of this trust fund shall be paid to my said nieces and to the children or child of any of them who shall then be deceased, the children or child of a deceased niece of mine taking the parent's share. Should any of my said nieces die, leaving no children or child surviving at expiration of said term of twenty-five years, her share shall go in equal parts to any surviving nieces or niece of mine, and to the child or children of any one who shall have previously died, such child or children last mentioned taking the parent's share."

It is manifest that it was the intention of the testator to give to each nephew an absolute interest in his share of the estate, to vest upon the death of the testator. The language of the will admits of no other construction.

We are of opinion that, by the proper construction of the ninth article, each niece takes an immediate beneficial interest, defeasible upon a condition subsequent. The words first used clearly import an immediate vested interest; she is entitled to the whole of the income immediately ; if she lives twenty-five years, the whole estate remains in her, indefeasible. We think she takes an absolute interest, liable to be divested, in the contingency of her death within twenty-five years, by an executory devise in favor of her children, or, if she leaves no children, in favor of the remaining nieces or niece, or their children.

This being so, the question arises as to the validity of the executory devise to her children or the surviving nieces. The rules

which govern this question are stated with precision in *Brattle Square Church* v. *Grant*, 3 Gray, 152. "All limitations by way of executory devise which may not take effect within the term of a life or lives in being at the death of the testator, and twenty-one years afterwards, as a term in gross, or, in case of a child *en ventre sa mere*, twenty-one years and nine months, are void, as too remote and tending to create perpetuities. In the application of this rule, in order to test the legality of a limitation, it is not sufficient that it be capable of taking effect within the prescribed period; it must be so framed as *ex necessitate* to take effect, if at all, within that time." Lewis on Perpetuities, 163–172. *Hooper* v. *Hooper*, 9 Cush. 122. *Thorndike* v. *Loring*, 15 Gray, 391. *Fosdick* v. *Fosdick*, 6 Allen, 41. *Odell* v. *Odell*, 10 Allen, 1. *Loring* v. *Blake*, 98 Mass. 253.

The clause of the will which we are considering provides that, "at the expiration of said term of twenty-five years, the capital of this trust fund shall be paid to my said nieces and to the children or child of any of them who shall then be deceased, the children or child of a deceased niece of mine taking the parent's share. Should any of my said nieces die, leaving no children or child surviving at expiration of said term of twenty-five years, her share shall go in equal parts to any surviving nieces or niece of mine, and to the child or children of any one who shall have previously died, such child or children last mentioned taking the parent's share." This is the first and only indication in the will of an intention that the children of a niece shall in any contingency take any portion of the capital of the trust fund ; and the language of the clause, construed as a whole, clearly imports and leads to the conclusion that no interest in the capital fund is to vest in the children until the expiration of the term. Until then, they could take no interest in the capital which would, in case of their death, pass to their heirs or legal representatives. Whether they are ever to take any interest is uncertain, and depends upon the contingency of their surviving until the term shall expire. Until that time, the persons who are to take cannot be ascertained.

This being so, it is evident that the executory devise to them is void for remoteness. The limitation to them is to take effect at the end of a period, which is measured by the life of a niece and such portion of the term of twenty-five years as may be unexpired at the time of her death. It is true that it might happen that neither of the nieces would die within four years of the death of the testator, so that, in fact, the postponement of the vesting of the estate in her children would not exceed her life and twenty-one years added; but it is equally true that all of the nieces might die within four years of the testator's death, and thus the period of postponement exceed the legal limit. As the rule of law is inflexible, that every limitation is void unless it takes effect, *ex necessitate* and in all possible contingencies, within the prescribed period, it follows that this executory devise and bequest is invalid. For the same reasons, the executory devises to the surviving nieces or niece or their children, in case one or more of the nieces should die within the term, leaving no children, are void for remoteness.

Applying the same principles, it results that the executory bequest of the income, in case of the death of a niece within the term of twenty-five years, falls within the rule of law against perpetuities. It is possible that a portion of the bequest may not vest until a period too remote. The income for the last four years of the twenty-five is subject to the same contingencies as the capital fund. To test this, suppose a niece to die within one year of the testator, leaving children. Whether the income for each of the last four years of the term will go to her children, or, by reason of their decease, to the surviving nieces or to children of other nieces, cannot be determined until that time arrives; and that may be more than twenty-one years after the death of all the nieces. It does not vest, therefore, until a period more remote than the life of a niece and twenty-one years added. *Hooper* v. *Hooper*, and *Thorndike* v. *Loring*, above cited.

If the provisions in relation to the income stood alone, they might be construed as giving an absolute vested right in the income for the remainder of the twenty-five years, to the children of a deceased niece, or to the surviving nieces in case she left

no children.   All objections of remoteness, as affecting the income, would thus be avoided.   But, connected as they are with the provisions which dispose of the capital, we think the inference must be that the testator intended that the right to the annual income should follow the apparent or presumptive interest in the capital.   It must therefore be subject to the same contingencies.

The entire devise and bequest over to the children or the surviving nieces therefore fails, as being too remote.   The effect of the invalidity of the divesting limitations is to enlarge the estate of each niece, and to give each an absolute interest free from the divesting gift.   Lewis on Perpetuities, 657.   1 Jarman on Wills, 257.   *Sears* v. *Russell,* 8 Gray, 86.   It thus appears that, upon the death of the testator, the whole beneficial interest in her share of the estate vests absolutely in each niece.

It follows from these considerations, that the trust as created by the testator cannot be sustained.   The objects and purposes for which it was created are illegal, and therefore the trust itself must fail.

It was suggested in the argument, that the trust should be upheld for the purpose of restraining the power of the nieces of alienating their interests during the term of twenty-five years, or during the life of each, if she should not live twenty-five years. But such is not the trust as created by the testator.   The various objects of the trust are so connected with and dependent upon each other, that to uphold it in part might not be in accordance with the intentions of the testator.   We are unable to find in his will sufficient indications of an intention to restrain the power of alienation as an independent purpose of the trust. And if such was his intention, it cannot be carried into effect. Having, by these provisions of his will, so far as they are legal, given an absolute estate to his nieces, no other person having any interest in it, a restriction upon their power of alienation is inconsistent and repugnant, and cannot be sustained.   *Lane* v. *Lane,* 8 Allen, 350.

This will, therefore, presents a case where there is a prior gift of an absolute estate to the nieces, and, engrafted upon it, di-

vesting and qualifying limitations which are void. The effect of such invalidity is to enlarge the estate of the nieces, and to vest in them an absolute interest. This result effectuates the main purpose of the testator, the equal division of his property among his nephews and nieces. The secondary and less important purposes, indicated in the divesting and qualifying clauses, fail, because they are in violation of law. *Ring* v. *Hardwick*, 2 Beav. 352. *Arnold* v. *Congreve*, 1 Russ. & Myl. 209.

Another question is raised by the bill and answer, in regard to which there is no difficulty. It appears that, at the time the will was executed, there were living two nephews and five nieces who would take under the will. After the execution of the will, and before the death of the testator, one of the said nieces, Mary Jane Sears May, died, leaving two children and a husband surviving her. Since the death of the testator, the said two children have died, being minors and unmarried. Upon these facts, the husband, Samuel P. May, is entitled to the share which his deceased wife would have taken under the will, if she had survived the testator. Upon the death of the testator, the share devised to their mother vested in the two children. Gen. Sts. *c.* 92, § 28. *Morse* v. *Mason*, 11 Allen, 36. Upon their death it descended to their father. Gen. Sts. *c.* 91, § 1; *c.* 94, § 16.

The result is, that each of the nephews and nieces now living is entitled to one seventh part, and Samuel P. May to one seventh part, of the personal property bequeathed by the ninth article of the will; and that the real estate devised by the said article is held by them in the same proportions.

*Decree accordingly.*

C. W. *Huntington*, for the plaintiff.

S. B. *Ives, Jr.*, for some of the defendants.