MINNIE B. ANDREWS *et al.*

*v.*

NANCY C. APPLEGATE *et al.*

*Opinion filed October 23, 1906—Rehearing denied Dec. 6, 1906.*

1. WILLS—*the word "effects" does not ordinarily apply to land.* The word "effects," in its ordinary meaning, includes only personal property, goods, movables and chattels, although it may include land if the context of the will shows such was the testator's intention.

2. SAME—*when word "effects" does not include land.* Where the testator has devised land by description, the word "effects," used in a subsequent clause disposing of his personal property, "moneys and effects of every description,". will not be held to refer to other lands not described in the will, there being nothing else in the context of the will to show such intention.

3. SAME—*land not included in terms of will is not affected by it.* A will authorizing the sale of land disposed of by the will does not include land not so disposed of, notwithstanding the presumption of law against intestacy.

APPEAL from the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding.

ARTHUR H. SHAY, for appellants.

R. S. McILDUFF, and B. R. THOMPSON, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court: ·

The circuit court of Livingston county sustained the demurrer of appellees to the amended bill of appellants filed in that court for the assignment of dower and homestead to the appellee Nancy C. Applegate, widow of George W. Applegate, in the east half of the north-west quarter of section 24, township 30, range 4, in said county, and for the partition of the same between the heirs of said George W. Applegate. Appellants elected to stand by their amended bill, and it was dismissed at their cost.

The following facts were alleged in the amended bill and admitted by the demurrer: George W. Applegate was the owner in fee simple of said tract of land at the time of his death, on June 29, 1905. He left Nancy C. Applegate, his widow, and the complainants Minnie B. Andrews and Sarah I. Hoobler, and the defendants Addie R. Swarner and Deamie Estella Applegate, his children and only heirs-at-law. He left a will executed March 11, 1905, which, omitting the formal parts, is as follows:

"First. It is my will that my funeral expenses and all my just debts be fully paid, Second. I give and devise and bequeath unto my wife Nancy C. Applegate. The South West ¼ quarter of the North West ¼ quarter of Section twenty (24) four Township Thirty (30) North Range four (4) East of the third (3rd) P. M. in Livingston County and State of Illinois And the East half (½) of the South West (¼) quarter of section twenty-four (24) Township Thirty (30) North Range four (4) East of the third (3rd) P. M. in Livingston County and State of Illinois. And all of my personal Property to use so long as she

Page 2.

moneys and effects of every description not hereafter otherwise disposed of to have and to hold the same unto the said Nancy C. Applegate with the full use and enjoyments rents

issues & profits thereof for for and during her natural life
only provided she remains my widow. Third I bequeath to
my daughter Estella D. Applegate One Hundred and fifty
Dollars $150.00 To be paid after my death out of the per-
sonal property. At the death of my wife I desire that all of
my children shall share equally of the money received from
sale of real estate and personal property except Addie Swar-
ner who shall pay two certain notes one for $300.00 without
Interest Dated October 16th 1899 and one note for $300.00
Dated June 30th, 1905 payable to the estate of G. W. Apple-
gate and to be taken out of her share at the time the estate
is settled."

The premises were occupied by George W. Applegate as
a homestead. The widow and heirs, and the husbands of
those who were married, and a tenant, were parties to the
bill.

The tract of land sought to be partitioned was not de-
scribed or mentioned in the will, but appellees contend that
it was devised to the widow for life in connection with the
testator's personal property and moneys, by the use of the
word "effects," and that after the death of the widow it is
to be sold and the proceeds to be divided between the chil-
dren of the testator, except that Addie Swarner is to pay
two notes mentioned in the will. If the land was not devised
under the word "effects" it was intestate estate and the com-
plainants were entitled to a decree for partition.

All rules of construction are designed to ascertain and
give effect to the intention of the testator, and that intention
is to be ascertained exclusively by the words of the will as
applied to the subject matter under the surrounding circum-
stances. The words used by a testator are to be understood
in their ordinary sense unless a different meaning is indi-
cated by the context. (*Bates* v. *Gillett*, 132 Ill. 287; *Howe*
v. *Hodge*, 152 id. 252.) The word "effects" in its primary
and ordinary meaning includes only personal estate, goods,
movables and chattel property. (Webster's International

Dict.; Standard Dict.; Century Dict.) It denotes property in a more extensive sense than goods, and includes all kinds of personal property, such as shares of capital stock. (*Union Nat. Bank of Chicago* v. *Byram,* 131 Ill. 92.) The word is frequently found in wills, and, as a general thing, means personal property, and not real property. (*Adams* v. *Akerlund,* 168 Ill. 632; *Camfield* v. *Gilbert,* 3 East, 510; *Doe* v. *Dring,* 2 M. & S. 448.) · Unless the context of a will shows the intention of a testator to dispose of his realty by the use of the word it will not include real estate, but in its broadest sense of property or worldly substance it may include land, and should be so construed when it appears from other parts of the will that such was the testator's intention. Words used in a will are to be given the meaning which the testator intended they should have, and the word "effects" is capable of carrying real estate if it appears to have been used with that intent, just as the word "children" may mean heirs or heirs may mean children, or the word "legacy" may signify a devise. Looking at the context to determine whether the testator used the word "effects" with a different meaning from the primary and ordinary one, it appears that he first described the real estate which he desired to dispose of by the will. He described a forty-acre tract and an eighty-acre tract, which was apparently all of his real estate, and he then proceeded to dispose of all his personal property, moneys and effects of every description. If he had intended to dispose of this tract which he occupied as a homestead, there is a strong presumption that he would have described it as the other land was described or in some manner which would have identified it. It would be an unnatural construction to say that he intended to dispose first of two tracts of land, then of all his personal property and moneys, and intended to include another tract of land under the general word "effects." The word is used in connection with personal property and moneys in the same sentence, and all are qualified by the phrase "of every description." We find nothing in

the context of the will to show that real property was intended by the word so used.

Counsel for appellees say in their argument that the testator owned the forty-acre tract devised by the will, which was correctly described, but did not own the eighty-acre tract; that he intended to devise the eighty-acre tract involved in this suit but misdescribed it as being in the southwest quarter instead of the north-west quarter. The mistake so alleged by counsel to have occurred does not appear from the record. It is not alleged in the bill that there was any mistake or that the testator did not own the eighty-acre tract described in the will. It is apparent that if the testator attempted to devise the land in question by its legal description, and supposed he had done so, he did not intend to again devise it under the word "effects." But the statement of counsel is outside of the record.

The will provides that after the death of the widow the children of the testator shall share equally in the money received from the sale of real estate and personal property, with the exception of the payment of two notes by Addie Swarner, and appellees contend that under that provision this land is to be sold and the proceeds divided, and it was thereby disposed of by the will as money, instead of real estate. If the will provides for the sale of property disposed of by it, it does not include anything else, and does not give either an implied or express power to sell other property. This tract of land, not being included in the terms of the will, is not affected by any of its provisions. There is a presumption that a testator intends to dispose of all his estate, and not to die intestate as to any of his property. (*Biggerstaff* v. *Van-Pelt,* 207 Ill. 611; *Craw* v. *Craw,* 210 id. 246.) However strong that presumption may be, it will not authorize the making of a new will or including other property that can not be brought within the terms of a will.

The decree is reversed and the cause remanded, with directions to overrule the demurrer.

*Reversed and remanded.*