(No. 23768.—)
THOMAS S. McKIBBEN *et al.* Appellants, *vs.* THE PIONEER
·TRUST & SAVINGS BANK, EXR., *et al.* Appellees.

*Opinion filed February 12, 1937.*

DAVIS & KRACKE, (CHARLES R. SERCOMB, and THOMAS S. DOUGHERTY, of counsel,) for appellants.

WILLARD R. MATHENY, and LOUIS A. LANGILLE, for appellees.

Mr. JUSTICE ORR delivered the opinion of the court:

The sole question here is whether item fifteen of the will of Katherine M. McKibben violates the rule against perpetuities. The circuit court of Cook county held that it did not, and from its decree the present direct appeal was taken, a freehold being involved.

At the time of her death Katherine M. McKibben was a widow. Her only heir-at-law was a son, Thomas Stanley McKibben, one of the plaintiffs and appellants. By item thirteen of her will the testatrix bequeathed only one dollar to him, because, as stated, of his conduct toward her during her lifetime "and his evident lack of the faith and endearment ordinarily held by an only son for his mother." She further directed "that he receive no other money, property or thing of value" from her estate. After other directions and bequests of comparatively small amounts, she left, by item fifteen, the bulk of her estate, valued at about $100,000, in trust for the children of her son, in the following manner:

"Item Fifteen. *a.* All the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situated, which I may own at my death, I give, devise and bequeath to the Pioneer Trust and Savings Bank as trustee, in trust for the children of my son, Thomas Stanley McKibben, share and share alike.

"*b.* The trust estate herein established shall continue until the youngest of said children living at the time of my death shall reach the age of thirty-five years, or if said youngest child shall die before reaching such age, at the date such child would have reached such age if he or she had lived.

"*c.* In the period from my death until the termination of said trust, the income from said trust estate shall be divided equally among such children as may be living, and paid to them in quarterly installments. Should any such child die during the period of said trust estate, leaving no children, the income shall be divided among the surviving children equally. The child or children of any deceased child shall succeed to the share of the parent, *per stirpes* and not *per capita.*

"*d.* When said trust is so terminated, the corpus thereof and any undistributed income shall be divided equally among such children of Thomas Stanley McKibben as may then be living, the children of any who may have died to take their parent's share, *per stirpes* and not *per capita.*

"*e.* It is my intention and desire that such residue of my estate shall be kept intact in the hands of said trustee, or some other bank or corporate trustee, until the youngest child of my said son who may be living at the time of my death shall reach the age of thirty-five years; that during that period there may be an equal distribution among my grandchildren, including the children of any who may die; and that then there may be a similar distribution of the body of said trust.

"*f.* The said trustee is to have and to hold in trust the said real estate devised to it, and to rent, manage and control the same as to it or its successor may seem best, and shall have full power and authority to sell and convey all or any part thereof, absolutely and in fee simple, and to execute all deeds and instruments of transfer necessary or proper to pass title absolutely and to give acquittance for the purchase money. The proceeds of sale thereof, together with other funds coming into the hands of such trustee, shall be kept invested in accordance with law as such trustee deems best, in order to produce the greatest net income consistent with security of investment.

"*g.* No part or portion of the income or principal of said trust, or any other money or other property shall ever be paid, or made available to the use of my son, Thomas Stanley McKibben, the father of my grandchildren for whose benefit said trust is established, either as their father, their natural guardian, or as their legal guardian, nor to his wife, nor to any person designated or chosen by him. The probate court of Cook county may, upon the application of the trustee, designate some natural person or persons as guardian of the person or in some special capacity with relation to such children as may be minors to receive shares of the income of said trust, and to disburse such shares for the benefit of such minors. The receipt of any such person so appointed shall acquit the trustee of further responsibility for amounts paid to such person or persons. Such person or persons shall expend such income for the care, support and education of such minor or minors as he in his discretion may deem wise and expedient, and for the benefit of such minor. It is my intent and desire that my said son, for the reasons hereinabove set out, shall never exercise any control directly or indirectly over any part of my estate or the income thereof. Any part of the income of said trust, set aside for any beneficiary, which for any reason may not be paid, shall

be held by the trustee for such minor as income, shall be paid to him or for his benefit when practicable, and shall not become part of the corpus of said trust."

At the time of his mother's death in 1924, Thomas Stanley McKibben had three children, Phoebe M. McKibben, born January 6, 1912; Patricia K. McKibben, born September 15, 1914, and Leonard N. McKibben, born August 31, 1923. The will of Katherine M. McKibben was duly admitted to probate and record and the bank therein named as executor qualified and entered upon its duties as trustee. No point was raised on the pleadings or the facts, and the sole issue, as first stated, is one of law. It is contended by appellants that item fifteen of the will, considered as a whole, creates a contingent remainder pursuant to which the equitable estate might possibly not vest until a period of time beyond a life or lives in being and twenty-one years and nine months thereafter, thus violating the rule against perpetuities, and that even if the equitable estate vested in the three living grandchildren upon the date of testatrix's death, it was an artificial and imperfect vesting, subject to partial divesting in the event of subsequent birth of other children who might not become invested with a share in the estate until a time beyond a life in being and twenty-one years and nine months thereafter. The theory of appellees, sustained by the chancellor, is that the legal title to the property conveyed in trust by item fifteen vested in the trustee at the death of testatrix, the equitable title then also vested in the three grandchildren, and as the entire interest in the estate became vested, the rule against perpetuities does not apply.

The rule against perpetuities is in force in Illinois. As commonly stated, it is as follows: "No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." (Gray, Rule Against Perpetuities, 1915, chap. 6,

p. 174.) By its express terms, it applies only to contingent future interests and not to interests that are vested. The rule applies only to the beginning of the interest and is not involved in the postponement of its enjoyment. (*Ashmore* v. *Newman*, 350 Ill. 64; *Wills* v. *Southwell*, 334 id. 448; *Nicol* v. *Morton*, 332 id. 533; *Easton* v. *Hall*, 323 id. 397.) The law favors the vesting of an interest. An estate will vest at the earliest possible time, and will be held to vest at the death of the testator unless some later time is clearly expressed in the will or appears by necessary implication. (*Stevens* v. *Felman*, 338 Ill. 391; *Hoblit* v. *Howser*, id. 328; *Fay* v. *Fay*, 336 id. 299; *Thomas* v. *Stoakes*, 328 id. 115.) In construing wills we have frequently held that each will must be considered on its own facts, (*Smith* v. *Garber*, 286 Ill. 67,) and that the intention of the testator must be gathered from the entire will and not from any portion of it considered alone. *Strauss* v. *Strauss*, 363 Ill. 442, and cases therein cited.

Where the language used by testator shows an intent to make the future interest contingent, the rule is invoked, (*Starr* v. *Willoughby*, 218 Ill. 485; *Reid* v. *Voorhees*, 216 id. 236,) because there is no one in whom the future interest may vest at the time of its creation. (*Smith* v. *Chester*, 272 Ill. 428; *Hill* v. *Hill*, 264 id. 219; *Hull* v. *Ensinger*, 257 id. 160.) In some cases parties have been named to take the beneficial interests at once, with further provisions that under some circumstances others would take the whole estate at the end of the period. These are necessarily contingent, due to the uncertainty on which the ultimate taking depends, and the rule applies. (*Aldendifer* v. *Wylie*, 306 Ill. 426; *Moroney* v. *Haas*, 277 id. 467; *Armstrong* v. *Barber*, 239 id. 389.) But in this line of cases the facts are essentially different from those here presented.

The will of Katherine McKibben, considered as a whole, shows an oft-repeated purpose and intention to dis-

inherit her son, Thomas Stanley McKibben, and to place her estate beyond his reach from every angle. To this end, by item fifteen, she created a trust leaving her entire residuary estate to a bank as trustee, with provisions for the income therefrom and its ultimate distribution to be equally divided between the children of Thomas Stanley McKibben, her grandchildren. By paragraph "*a*" of item fifteen, the immediate legal estate vested in the trustee at the death of testatrix, and the immediate beneficial interest then also vested in Stanley's three children, share and share alike. Paragraph "*b*" fixed the period of the trust, using the life of the youngest child living at the death of testatrix merely to measure an exact period of time. Paragraph "*c*" provided the distribution of the income from the trust, and paragraph "*d*" directed the distribution upon its termination. These provisions show, beyond question, the immediate vesting of the estate in trust for the benefit of the grandchildren of testatrix. The period of the rule, being twenty-one years when not based on a life in being, has no application to a remainder which vested upon the death of testatrix. Here, under paragraphs "*b*" and "*d*", the testatrix merely used the period between the age of Stanley's youngest child living at her death and the date when he would become thirty-five, as the period of the trust. The time for distribution was fixed definitely by the age of the youngest child living at her death, and at that instant could have been projected forward to a definite calendar date.

The deferring of the enjoyment of the principal, for reasons of the testatrix and not for reasons personal to the legatee or devisee, does not prevent the immediate vesting of the estate. (*Fay* v. *Fay, supra,* and many cases there cited.) Where all the income goes to those who will take on distribution, the estate is vested. (*Hoblit* v. *Howser, supra; O'Hare* v. *Johnston,* 273 Ill. 458; *Mettler* v. *Warner,* 243 id. 600; *Armstrong* v. *Barber,*

*supra; Carter* v. *Carter,* 234 Ill. 507.) The opening up of the trust to let in after-born children, or to drop out a beneficiary who dies without children, or to let in children of a deceased beneficiary, does not make the trust contingent. (*Fay* v. *Fay, supra; Nicol* v. *Morton, supra; Thomas* v. *Stoakes, supra; Whittaker* v. *Porter,* 321 Ill. 368; *People* v. *Allen,* 313 id. 156; *Gibbs* v. *Andrews,* 299 id. 510.) In a leading case on this subject, *Howe* v. *Hodge,* 152 Ill. 252, the will established a trust and provided for an equal division of the trust fund among all of testator's grandchildren, as a class, when they, respectively, arrived at the age of thirty years. We there held the rule against perpetuities had not been violated, because the gift to all the grandchildren, as a class, immediately vested in them an equitable title in the trust property, subject to opening up to let in those after-born. This same rule was approved in *Kellett* v. *Shepard,* 139 Ill. 433. A condition subsequent does not make the estate contingent. An estate now vested remains vested, even though there may be a partial divesting later. *Ashmore* v. *Newman, supra; Hoblit* v. *Howser, supra; Nicol* v. *Morton, supra; Corson* v. *Thornburn,* 323 Ill. 338.

Appellants take the position that an exception to the non-application of the rule against perpetuities to vested interests exists in those cases, such as the one at bar, where the remainder has not in fact fully and completely vested. In this they are not supported by the facts in this case or by any convincing legal authority. A paragraph in Professor Gray's Rule Against Perpetuities (1915 ed. sec. 110a) contains mention of such an exception, based upon a solitary decision in 1869 in *Sears* v. *Putnam,* 102 Mass. 5. This theory has never been adopted in Illinois and no other cases in other States are cited or found in its support. In other authorities cited by appellants we find them applying the rule against perpetuities because they were gifts to a class and there was no present vesting of the

estate under the will. This was the situation in *Dime Savings and Trust Co.* v. *Watson,* 254 Ill. 419; *Pitzel* v. *Schneider,* 216 id. 87; *Schuknecht* v. *Schultz,* 212 id. 43. But under the McKibben will, testatrix by item fifteen *"a,"* specifically vested the trust at her death, in the children of her son in separate shares of equal value,—a present bequest to those living, and not a gift to a class or a gift made uncertain by any future contingency. The case of *Lawrence* v. *Smith,* 163 Ill. 149, is likewise distinguishable, since there the future interest was clearly contingent, the ultimate beneficiaries belonging to a class to be determined after the lives of the three daughters and at such future time as the last of the children of these daughters should attain the age of twenty-five years. In that case the legal title vested in the trustee but no other person had any present vested interest,—the ultimate vesting of the estate was made subject to the payment of different successive annuities to each daughter and grandchild until she or they reached the age of twenty-five, then after these and other payments were made, the trustees were at that future time to ascertain what grandchildren were then living and to distribute the remainder of the estate to the members of the class thus determined. No bequests were there made directly to any beneficiary and no one owned any beneficial interest in it,—even the periodic payments of income were contingent. Who might ultimately and at a remote time qualify as recipients of the remainder, if anything remained, was not only contingent but highly speculative, and this court properly held the provision violative of the rule against perpetuities. No such situation is presented here, as there is no limitation over, the children of Stanley living at the death of testatrix, then determined, taking the full beneficial interest in the whole trust estate. Such vested title of the present children opens up to let in any children born to Stanley after the death of testatrix, the children of any who die take their

378

parent's share, and the share of any child who dies without children goes to the survivors.

The rule against perpetuities does not apply to the provisions of the will of Katherine M. McKibben and the circuit court properly so held. Its decree is affirmed.

*Decree affirmed.*