LEOPOLD E. BLOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92709. Promulgated April 12, 1940.

*Benjamin A. Ragir, Esq.*, for the petitioner.
*F. F. Korell, Esq.*, for the respondent.

#### OPINION.

TURNER: This proceeding involves a deficiency in gift tax for the year 1935 in the amount of $11,251.50. The only question presented is whether the petitioner is entitled, under section 504 ·(b) of the Revenue Act of 1932, to five exclusions of $5,000 each, as claimed in his gift tax return, or whether he should be limited to only one exclusion of $5,000, as determined by the respondent.

Petitioner is a resident of Chicago, Illinois, and filed a gift tax return for the calendar year 1935 with the collector of internal revenue at Chicago, Illinois.

Under a trust agreement dated December 28, 1935, the petitioner, as trustor, named himself, Joseph L. Block, and Leigh B. Block as trustees, and irrevocably transferred and delivered to the said trustees securities having a value on that date of $486,250. The corpus was to be held by the trustees, or by the survivors or survivor of them, for the uses and upon the following terms and conditions:

FIRST: (a) The Trustee shall pay all of the net income of the trust estate to CORA B. BLOCK, the wife of the Trustor, during her lifetime.

(b) If the said wife of the Trustor shall predecease the Trustor, then from the time of the death of the said wife or the Trustor until the said Trustor shall die, the net income of the trust estate in each year or such part thereof as the Trustees may deem advisable, may at any time and from time to time be distributed during said year in equal shares *per stirpes* to the descendants of the Trustor surviving at the time of such distribution, and any amount of said net income not so distributed shall be accumulated and added to the corpus of the trust estate.

(c) At the death of the survivor of the Trustor and his said wife, the corpus of the trust estate shall be distributed *per stirpes* to the descendants of the Trustor then surviving.

Under the terms of the trust instrument the trustees were given full power and authority to manage, control, invest, and reinvest, convey, exchange, sell, etc., the corpus of the trust, and the trustor, with the consent of the trustees, had the right at any time to add other property to the trust.

On December 28, 1935, the date of the creation of the trust, there were then living: Cora B. Block, wife of the trustor; Joseph L. Block, son of the trustor; Leigh B. Block, son of the trustor; Babette R. Block, daughter of the trustor; and Eleanore B. Saidenberg, daughter of the trustor.

In his gift tax return the petitioner reported a value of $425,000 for the securities transferred to the trust. In the notice of deficiency the respondent increased this valuation to $486,250, and the parties now agree that this latter valuation is correct.

On his gift tax return, the petitioner represented that there were five donees and claimed an exclusion of $5,000 for each donee. In determining the deficiency, the respondent disallowed the exclusions with respect to all donees except as to Cora B. Block, on the ground that the other gifts were gifts of future interests.

In support of his determination, the respondent's first contention is that the trust, considered as an entity, is the donee and therefore only one $5,000 exclusion is allowable. He relies upon our earlier decided cases, including *Seymour H. Knox*, 36 B. T. A. 630; *Katherine S. Rheinstrom*, 37 B. T. A. 308; and *Edwin B. Cox*, 38 B. T. A. 865. His second contention is that in the instant case the gifts, except as to Cora B. Block, wife of the donor, were gifts of future interests with respect to which the statute provides no exclusion.

Since this case was submitted, our decision in *Katherine S. Rheinstrom*, *supra*, has been reversed by the United States Circuit Court of Appeals for the Eighth Circuit, 105 Fed. (2d) 642, and *McBrier* v. *Commissioner*, 108 Fed. (2d) 967, to the same effect, has been decided by the United States Circuit Court of Appeals for the Third Circuit; *Welch* v. *Davidson*, 102 Fed. (2d) 100, reaching the same conclusion, previously had been decided by the United States Circuit Court of Appeals for the First Circuit. Following those courts, we have recently decided *Wilton Rubinstein*, 41 B. T. A. 220, and if the question as to future interests were not present here the decision would be for the petitioner. It appears, however, that except as to Cora B. Block, who received an intervening life estate, all other gifts were gifts of future interests, with respect to which the statute does not provide the exclusions claimed. *Edith Pulitzer Moore*, 40 B. T. A. 1019.

The petitioner cites *Wyeth* v. *Crane*, 342 Ill. 545, and *McKibben* v. *Pioneer Trust & Savings Bank*, 365 Ill. 369, for the proposition that

under the trust instrument Joseph L. Block, Leigh B. Block, Babette R. Block, and Eleanore Saidenberg, children of petitioner, received vested rather than contingent remainders, and argues that an exclusion of $5,000 is therefore allowable as to each child. Even though we assume that the petitioner's four children did acquire vested and not contingent remainders, there is still no ground on which we may sustain the petitioner. The test is whether the interests in question were future interests and not whether they were contingent. That the term "future interests" includes both contingent and vested remainders is, in our opinion, elementary and requires no discussion. The petitioner during the taxable year made a gift of his entire interest in securities having a value on the date of gift in the amount of $486,250. To his wife he gave the entire beneficial interest so long as she lived. To his "descendants" surviving at the date of his wife's death or the death of the survivor of his wife and himself he gave the remainder or the beneficial interest in the property from and after such date. During the lifetime of his wife, Cora B. Block, all of the income was to be paid to her and there were to be no accumulations of income for and no payments to any other person. Neither did the "descendants" surviving have any right to receive any part of the corpus prior to her death. Except as to Cora B. Block the gifts were gifts of future interests with respect to which the statute does not permit the exclusions claimed. *Edith Pulitzer Moore, supra.*

The parties have stipulated the amount of the deficiency in the event the Board should reach the conclusion stated above. Decision will be entered in accordance with the stipulation.