*In re* ESTATE OF CLYDE R. LINDSEY, Deceased—(CLYDENE TAYLOR *et al.*, Ex'rs, Appellees, *v.* WAVA TAYLOR *et al.*, Appellants.)

(No. 72-318; )

Fifth District—August 17, 1973.

Robert J. Neely, of Metropolis, for appellants.

Louis G. Horman, of Metropolis, for appellees.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal by some of the heirs and devisees of Clyde R. Lindsey from the order of the Circuit Court of Massac County approving the final report of the co-executors. It is the contention of the appellants that six items, which were included in the residuary estate, should have been distributed to the specific devisees.

The pertinent provisions of the will of Clyde R. Lindsey are as follows:

"Second: I give, devise and bequeath the Egyptian Trail Motel and the Egyptian Trail Restaurant together with the real estate upon which the same are located, * * * together with all equipment, furnishings, and other personal property in or about said Motel and Restaurant and the real estate upon which the same are located, * * * [to his five children].

Third: I give and devise any and all other real estate owned by me at the time of my death, except such real estate as is held in joint tenancy, to my five children, * * *.

Fourth: I give, devise and bequeath all the remainder of my property of whatsoever sort, whether real, personal, or mixed, and wheresoever situated, of which I may die seized, possessed, or to which I may be entitled at the time of my death, to my beloved wife, Elizabeth Lindsey, if she survives me * * *.

Sixth: I direct that my Executors pay all my debts, claims against my estate, costs and expenses of the administration of my estate, and taxes of every sort, including Illinois Inheritance Taxes and Federal Estate Tax on my estate, from property other than that described in paragraphs Second and Third hereof."

■■ The executors operated the motel business for a period of time under court order and made a net profit of $10,282.26. This was distributed as part of the residue instead of being treated as part of the specific devise under the second paragraph of the will. This was error. The gift of the land, building, and furnishing carries with it the right to the net income therefrom.

■■ At the time of Mr. Lindsey's death he had a separate bank account for the motel business with a balance of $2,917.94 which was also distributed as part of the residue and is here claimed to have passed under the second paragraph as part of the motel. However we find that under the "ejusdem generis" rule the bank account is not covered by the phrase "and other personal property in or about said Motel." Equipment and furnishings constitute tangible items and giving meaning to the phrase "in or about" we find that the testator did not intend for this language to cover money on deposit in a bank account. *Strickland v. Strickland,* 271 Ill. 614.

■ A third item in dispute was $230 rental received for property on Sixth Street which was disposed of under item Third of the will. Since this real estate went to the children, they were entitled to the rent on this property and it was error to distribute this amount as part of the residue. The same reasoning applies to the rental of the restaurant property. It should go with the ownership of the building and not as part of the residue.

██ The will here in question was executed September 4, 1970. On September 18, 1970 Clyde Lindsey signed a contract for deed on certain real estate. After his death on September 25, 1970 his executors received payment of the balance due under said contract of $630. Appellants contend that item Third of the will is a specific devise. We do not agree. Considered in connection with item Second, we find that the devise in item Third is a general devise. Finding nothing in the will to indicate a contrary intention, under the doctrine of equitable conversion after the decedent entered into the contract for deed this property would be considered as personal estate and the balance due was properly distributed as residue. *In re Estate of McDonough*, 113 Ill.App.2d 437, 251 N.E.2d 405.

██ The last item in dispute is "10/22/71 Rebate on motel insurance $162." In appellants' brief this is referred to as a rebate upon cancellation of a fire insurance premium upon decedent's restaurant building. However nothing in the record identifies this item further than the quoted phrase. With no more factual basis than this, we cannot say that the trial court committed error in distributing this amount as part of the residue.

Reversed in part and remanded for entry of an order in accordance with this opinion.

G. MORAN, P. J., and JONES, J., concur.