JOHN WARREN, Plaintiff-Appellant, v. GOLDY ALBRECHT *et al.*, Defendants-Appellees.

Fifth District    No. 5—89—0671

Opinion filed May 13, 1991.

Thomas W. Burkart, of Burkart Law Offices, of Hamel, for appellant.

Steven N. Mottaz, of Thomas, Mottaz, Eastman & Sherwood, of Alton, for appellees David McGaughey and Donald McGaughey.

William A. Mudge, of Lucco & Brown, of Edwardsville, guardian *ad litem* for Glenn McGaughey and Patty McGaughey.

JUSTICE HOWERTON delivered the opinion of the court:

This appeal from an action to quiet title to land in Madison County involves the common law rule against perpetuities. James W. McGaughey devised land as follows:

> "I give, devise and bequeath to John T. McGaughey, as Trustee, in Trust for John Warren, my grand-son, the following described real estate to wit: The south Thirty-eight (38) rods of the northeast quarter (NE1/4) of the southeast quarter (SE1/4) of section ten (10), containing 19 acres more or less, and north half (N1/2) of the southwest quarter (SW1/4) of section eleven (11), containing eighty (80) acres, more or less, also the north three-fourths (N3/4) of the southwest quarter (SW1/4) of the southwest quarter (SW1/4) of section eleven (11), all of said lands in Township numbered Six (6) North, Range numbered Seven (7) West of the Third Principal Meridian, and situated in Madison County, Illinois.
>
> The said John T. McGaughey, as such Trustee to have the control of said land above described, until the said John Warren becomes of the age of thirty (30) years of age ***. The above described real estate is given, devised and bequeathed too [*sic*] the said John Warren, and subject to said Trust named above for and during his natural life, and at his death, and at his death [*sic*] to his then living child or children, or survivors thereof, and in the event there be no descendents of said child or children, then to his sisters, viz: Emma B. Warren and Goldy Maude Warren, for the sole use and benefit forever, share and share alike, subject to the following conditions, viz: That in the event of the death of either of said sisters and leaving no child or children, or descendants of said child or children, then to the survivor, and if neither of said sister are [*sic*] living, then to my legal heirs at law, as per the laws of descent, share and share alike and for their sole use and benefit forever."

James W. McGaughey died in 1943. John Warren, his two sons, Donald and Ronald Warren, and his two sisters, Emma B. Warren (Oliver) and Goldy Maude Warren (Albrecht), are living.

In 1987, John Warren's sons, Donald and Ronald Warren, quit-claimed their interest in the land to their father.

In 1988, John Warren, plaintiff, brought an action to quiet title claiming that James W. McGaughey's devise violated the common law rule against perpetuities. Both plaintiff and defendants filed motions for summary judgment. The circuit court granted defendants summary judgment. John Warren appealed.

■■■ The rule against perpetuities is a common law rule directed toward the remoteness of vesting. Its ultimate purpose is to prevent the "clogging of titles beyond reasonable limits in time by contingent interests, and to keep land freely alienable in the market places." (R. Boyer, Survey of the Law of Property 158 (3d ed. 1981).) The rule provides:

> "No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." Gray, The Rule Against Perpetuities §201, at 191 (4th ed. 1942).

See also *Schuknecht v. Shultz* (1904), 212 Ill. 43, 72 N.E. 37; *Martin v. Prairie Rod & Gun Club* (1976), 39 Ill. App. 3d 33, 348 N.E.2d 306; Ill. Rev. Stat. 1989, ch. 30, par. 191.

If, by any possibility, an interest cannot vest or fail within the 21-year limit, then the devise is void for remoteness. *Thomas v. Pullman Trust & Savings Bank* (1939), 371 Ill. 577, 21 N.E.2d 897; *McKibben v. Pioneer Trust & Savings Bank* (1937), 365 Ill. 369, 6 N.E.2d 619; *Johnston v. Cosby* (1940), 374 Ill. 407, 29 N.E.2d 608.

■ Interests subject to the rule are contingent remainders, executory interests (or devises), options to purchase land not incident to a lease for years, and powers of appointment. Interests not subject to the rule are present interests in possession, reversions, vested remainders, possibilities of reverter, powers of termination, charitable trusts, and resulting trusts. R. Boyer, Survey of the Law of Property 159 (3d ed. 1981).

■ Determining into which of these interests this case falls involves a three-step process. First, the language of the devise is explained. Secondly, the status of title is identified. Thirdly, the rule is applied.

■ In examining the language of the devise, the primary objective is to give effect to the testator's intent by giving the testator's words their plain and ordinary meaning. (*Harris Trust & Savings Bank v. Beach* (1987), 118 Ill. 2d 1, 513 N.E.2d 833.) Here, the language is plain. John Warren was to enjoy the property as beneficiary of a testamentary trust until he was 30 years old, after which the

property became his for his life. At John Warren's death, his children were to take the property, and if any of those children predeceased him, the surviving children were to take the property; if no children or descendants survived John Warren, the estate was to go to John Warren's sisters, Emma and Goldy. If either Emma or Goldy died prior to taking, the survivor was to take; if both died prior to taking, the property would go to the testator's heirs at law.

■■ In identifying the status of title, we note that title is "[t]he right to or ownership in land." (Black's Law Dictionary 1331 (5th ed. 1979).) Determining the status of title is the process of identifying present and future interests transferred by a deed or a will. Only by this process can one determine if a particular future interest in the property violates the rule.

■■ Here, John Warren was given a life estate. His child or children were given a contingent remainder in fee simple. The descendants of his children were given an alternative contingent remainder in fee simple. Emma and Goldy were also given an alternative contingent remainder in fee simple. James W. McGaughey's heirs at law were not determined until his death, but after his death in 1943, they also possessed an alternative contingent remainder in fee simple.

■■ Lastly, we apply the rule. In his complaint, John Warren claimed that the language—"and in the event there be no descendents of said child or children, then to his sisters"—violated the rule because John Warren's children could be divested longer than 21 years after his death if his children were to die leaving no descendants. To determine if his analysis is correct, we first ask what interest is involved. Here, the children have an alternative contingent remainder in fee simple. A contingent remainder exists if there is a condition precedent to vesting. (R. Boyer, Survey of the Law of Property 37 (3d ed. 1981).) Here, the condition is that the children survive their father. Applying the rule, we note that once John Warren dies, the interest must necessarily vest or fail. John Warren will either have children survive him, or he won't. Therefore, the devise to his children does not violate the rule. Warren argues that after the estate vests in his child or children, it can be divested if his child or children died without descendants. We disagree.

We believe that a plain reading of the devise indicates that the estate vests at the time of John Warren's death. The language in the fifth paragraph of decedent's will, in our opinion, clearly expresses his purpose. If John Warren's children survive, the estate vests in them. If the children are not alive at John's death, the estate vests in their survivors. If at the time of John's death there are no children or de-

scendants, the estate vests in John's sisters. If the sisters or their children do not survive John's death, then John's heirs at law take the estate. The decedent provided for various alternatives, but, in any event, the estate vests at the life tenant's death. The rule against perpetuities does not apply to vested interests. *Chicago Title & Trust Co. v. Shellaberger* (1948), 399 Ill. 320, 334, 77 N.E.2d 675, 683; *Deiss v. Deiss* (1989), 180 Ill. App. 3d 600, 536 N.E.2d 120; see also *McKibben v. Pioneer Trust & Savings Bank* (1937), 365 Ill. 369, 6 N.E. 619.

The appellant argues only that the wording in the devise that states "in the event there be no descendants of said child or children, then to his sisters" divests the interests of John Warren's children. We do not ascribe to his argument. The ownership is vested at John's death in someone or some class. Therefore, the rule does not apply. The law, of course, favors the vesting of estates at the earliest possible moment. *Fay v. Fay* (1929), 336 Ill. 299, 168 N.E. 357.

The trial court was correct in its granting of defendant's motion for summary judgment, holding the devise did not violate the rule against perpetuities.

The circuit court of Madison County is affirmed.

Affirmed.

LEWIS and GOLDENHERSH, JJ., concur.