MARY KAY COOPER SVERID, Plaintiff-Appellant, v. FIRST NATIONAL BANK OF EVERGREEN PARK *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—97—2615

Opinion filed March 31, 1998.

Raymond A. Fylstra, Noel P. Goudreau, and Daniel J. Kubasiak, all of Kubasiak, Cremieux, Fylstra, Reizen & Rotunno, P.C., of Chicago, for appellant.

Gerard D. Kelly and Erin E. Kelly, both of Sidley & Austin, of Chicago, for appellees.

JUSTICE THEIS delivered the opinion of the court:

Appellant, Mary Kay Cooper Sverid, appeals from the circuit court's interpretation of the last will and testament of the decedent, Marie Becker Moore. Appellant sought a declaration from the circuit court that decedent's bequest to her under the will of "the all of [decedent's] personal effects, household goods, and all other goods and chattels" should be interpreted to include the more than $1 million in stocks and bonds held by decedent at the time of her death. The circuit court entered judgment in favor of the executor, First National Bank of Evergreen Park, finding that the stocks and bonds passed under the will's residuary clause to the Principia Corporation (Principia), a Missouri educational institution. We affirm.

Decedent's will consists of three pages, and its only beneficiaries are appellant and Principia. The relevant provisions of the will are as follows:

*SECTION ONE*

I give the all of my personal effects, household goods, and all

other goods and chattels to my good friend, MARY KAY COOPER SVERID, in St. Joseph, Michigan.

*SECTION TWO*
I give the residue of my estate to PRINCIPIA CORPORATION at 13201 Clayton Road, St. Louis, Missouri 63131."

At the time of her death, decedent owned her residence, its contents and furnishings, and various certificates representing ownership of certain common stocks and bonds. Upon her death, most of decedent's stock and bond certificates were found in her safe-deposit box; however, some were found in and among decedent's household and personal possessions.

Decedent's will was admitted to probate on July 24, 1996, and appellant sought a declaration that she, not Principia, was entitled to decedent's stocks and bonds, which in total valued over $1 million. Under section 1 of the will, all other tangible personal property of decedent including decedent's automobile was distributed in kind to appellant. The combined appraised value of these items was $9,075.

Upon consideration of the parties' filings and after hearing oral argument, the court entered judgment in favor of the executor and Principia, having determined that Principia should receive decedent's stocks and bonds under the unambiguous terms of decedent's will. Ms. Sverid appealed.

Appellant contends that the plain and obvious meaning of the phrase "the all of my personal effects, household goods, and all other goods and chattels to my good friend MARY KAY COOPER SVERID" is to bequeath all of decedent's personal property to plaintiff, both tangible and intangible. She maintains that, on its face, the bequest contains no words of limitation as to *tangible* personal property, or property at a particular location, and suggests that the will's designation of appellant as decedent's "good friend" reinforces the breadth of decedent's bequest to her. Appellant further suggests that decedent's use of the words "the all" further denotes the inclusive scope of her bequest of personal property to Sverid, and signals decedent's intent to separate her property into the broad categories of real and personal property, not tangible and intangible property.

At a minimum, appellant suggests that the phrase "personal effects" is capable of two meanings: one inclusive of intangible personal property and one limited to tangible personal property. As a result, appellant alternatively maintains that the will is ambiguous and that extrinsic evidence of decedent's intent is vital to its correct construction. To the contrary, the executor and Principia contend that, under Illinois law, decedent's will unambiguously conveyed only tangible personal property to appellant.

■ In Illinois, words used in a will are construed according to their plain and ordinary meanings. *Feder v. Luster*, 54 Ill. 2d 6, 11, 294 N.E.2d 293, 295 (1973); *Warren v. Albrecht*, 213 Ill. App. 3d 55, 58, 571 N.E.2d 1179, 1180 (1991). Moreover, courts are charged with ascertaining a testator's intent by, wherever possible, giving effect to every "word, phrase and clause" in a will. *Feder*, 54 Ill. 2d at 11, 294 N.E.2d at 295. In addition, under the rule of *ejusdem generis*, when general words are preceded by specific words, the general words " 'must be construed to include only things of the same kind as those indicated by the particular and specific words.' " *Brink's, Inc. v. Illinois Commerce Comm'n*, 108 Ill. App. 3d 186, 190, 439 N.E.2d 1, 3 (1982), quoting *Bullman v. City of Chicago*, 367 Ill. 217, 226, 10 N.E.2d 961, 965 (1937); *In re Estate of Lindsey*, 13 Ill. App. 3d 717, 718, 300 N.E.2d 572, 573 (1973) (under *ejusdem generis*, bequest of personal property "in or about" motel did not include money in bank account).

■ Though various Illinois courts have interpreted the language used in decedent's will, we are aware of no Illinois case construing the precise phrase or resolving the particular issue that is the object of this appeal. While the term "personal effects" usually means items having an intimate relation to a person, the term must be given meaning in the context in which it occurs. *Landstrom v. Krettler*, 105 Ill. App. 3d 863, 866, 435 N.E.2d 149, 151 (1982).

Appellant primarily relies upon *Andrews v. Applegate*, 223 Ill. 535, 537-38, 79 N.E. 176, 177 (1906). There, our supreme court stated:

> "The word 'effects' in its primary and ordinary meaning includes only personal estate, goods, movables and chattel property. [Citations.] It denotes property in a more extensive sense than goods, and includes all kinds of personal property, such as shares of capital stock. [Citation.] The word is frequently found in wills, and, as a general thing, means personal property ***."

We do not agree with appellant's broad reading of *Andrews* that the phrase "personal effects" denotes both tangible and intangible personal property, inclusive of stocks and bonds. The precise phrase at issue in *Andrews*, "moneys and effects of every description not hereafter otherwise disposed of" expressly contemplated intangible personal property, specifically "moneys." *Andrews*, 223 Ill. at 536, 79 N.E. at 176. Additionally, the *Andrews* bequest of "effects of every description not hereafter otherwise disposed of" expressly used the word "effects" without qualification.

●3 In this instance, decedent did not specifically include in the bequest of "personal effects" intangible personal property, nor did she expressly make the bequest unqualifiedly inclusive of "effects of every

description." To the contrary, decedent made a bequest of "the all of [her] personal effects, household goods, and all other goods and chattels." Decedent's bequest of "personal effects" was conjoined with her bequest of other personalty already categorized as tangible property by some Illinois courts. See *In re Estate of Berman*, 39 Ill. App. 2d 175, 179, 187 N.E.2d 541, 544 (1963) (noting that the term "goods and chattels" in the Probate Act denotes tangible personal property, "as distinguished from such items as stocks, bonds, mortgages, accounts receivable, notes and the like").

We find *Watkins v. Nobiling*, 22 Ill. 2d 290, 174 N.E.2d 858 (1961), more directly addresses the issues raised here. In *Watkins*, our supreme court was asked to decide whether decedent's bequest of "my joint belongings," when viewed in light of extrinsic circumstances, manifested an intent to devise real estate. In that context, the *Watkins* court made the following statement: "Similarly the word 'belongings' is ordinarily used to designate tangible personal property such as household goods and personal effects." *Watkins*, 22 Ill. 2d at 292, 174 N.E.2d at 859. This statement suggests that our supreme court has determined that the phrase "personal effects" denotes "tangible personal property."

Appellant questions the relevance of *Watkins*, suggesting that *Watkins* did not pose, and that our supreme court did not address or resolve, the precise question at issue here: whether the phrase "personal effects" may include intangible property. We do not agree. We do not find this contextual difference critical. Though the court referenced the phrase "personal effects" in the context of deciding whether the term "belongings" was inclusive of real property, it nevertheless clearly identified "personal effects" as "tangible personal property."

Moreover, the *Watkins* designation of "personal effects" as inclusive of only tangible personal property is consistent with the words' plain and ordinary meaning. See Black's Law Dictionary 1143 (6th ed. 1990) (the term "personal effects" is narrower than "effects" and ordinarily includes only tangible property having an "intimate relation to [the] person").

Therefore, we find the circuit court correctly determined that, under the unambiguous terms of the will, the stocks and bonds passed to Principia under the residuary clause.

Affirmed.

HOFFMAN, P.J., and HARTMAN, J., concur.